SAMUEL ROBB, appellant, *v.* JOHN SMITH, Sen., appellee.

*Appeal from Scott.*

No person can commence or prosecute a suit in any court of record, as "agent" for another, unless he has been regularly licensed as an attorney, and his license entered on the roll in the Supreme Court clerk's office; and a suit thus instituted would be dismissed on motion.

THIS cause was heard in the Court below, at the October term, 1839, before the Hon. Samuel H. Treat.   Judgment was rendered for the plaintiff, for $189.   The defendant appealed to this Court.

J. J. HARDIN, for the appellant, cited R. L. 99 ; Gale's Stat. 81 ; Stacy v. Baker, 1 Scam. 422 ; 1 Chit. Plead. 680, 686, 572, 637.

(1) 1 Tidd's Prac. 652, 65–7.          (2) 7 T. R. 698.
(3) 1 Chit. Plead. 402.                (4) 8 Pick. 552.

J. LAMBORN, for the appellee.

SCATES, Justice, delivered the opinion of the Court:

A petition was filed in the Court below against the appellant, Robb, signed "John Smith, Sen., by Thomas Morgan, agent." The appellant, Robb, moved the Court below to dismiss the suit, because it was not signed by the plaintiff himself, or any attorney of the Court; which motion the Court below denied. There were several other motions, pleadings, demurrer, &c., which were disposed of; and upon some of which, questions were made, and errors assigned, but none of which we deem it necessary to notice, except the first error assigned, which is, "That the Court below overruled the motion to dismiss the suit, because the petition was not signed by the plaintiff himself, or any attorney of the Court, but by an agent."

By the first section of "An Act concerning Attorneys and Counsellors at Law," (1) it is provided, "That no person shall be permitted to practice as an attorney or counsellor at law, or to commence, conduct, or defend any action, suit, or plaint, in which he is not a party concerned, in any court of record within this State, either by using or subscribing his own name, or the name of any other person, without previously having obtained a license for that purpose from some two of the justices of the Supreme Court." The third section requires the clerk of the Supreme Court to keep a roll for the entry of the names and fact of the qualifications of attorneys, and that the oath be endorsed upon the license. Section four provides that "No person whose name is not subscribed to, or written on the said roll, with the day and year when the same was subscribed thereto, or written thereon, shall be suffered or admitted to practice as an attorney or counsellor at law within this State, under the penalty hereinafter mentioned, anything in this act to the contrary notwithstanding." The tenth section secures to plaintiffs and defendants the right to conduct their own causes.

This is a point upon which we have but little authority, and we need little other than the letter and spirit of these provisions. By statute in Missouri, it is made the duty of the circuit attorney to commence all actions, suits, process, and prosecutions, civil and criminal, in which the State or any county is concerned. In the case of the County of St. Louis v. Clay, (2) the suit was instituted by Mullanphy, attorney, (who was not circuit attorney,) and the Court held that the suit was improperly brought, and dismissed it.

While these salutary provisions remain upon the statute book, not as a restriction upon the citizen or suitor, but for his protection against the mistakes, the ignorance, and unskilfulness of pretenders, we cannot allow an action to be commenced or prosecuted by

(1) R. L. 99; Gale's Stat. 81.                    (2) 4 Missouri 562–3.

an " agent," who, as such, is expressly inhibited the privilege, and denied the power. This case is distinguishable from the case of infants, femes covert, lunatics, &c., for infants, &c., would be allowed to amend, by inserting a guardian or prochein amy. (1) In these cases, the rule is based upon the fact of want of legal capacity in the party to appoint or employ an attorney; not upon any legal incapacity in the attorney to appear, commence, or conduct a cause for his client. In the case before us, the law has imposed a disability upon the " agent," which destroys all right, privilege, and capacity in him to assume or act in that character, in relation to the conduct of legal proceedings. Upon this principle proceeded, we apprehend, the case cited from 4 Missouri.

The paucity of authorities on this subject, we conceive to be owing to but few attempts being made by " agents," or others, to intermeddle in a professional pursuit, in which they have no skill, rather than to any practice, or acknowledgment on the part of courts, admitting such a right.

This act was passed, we believe, in a spirit of liberality towards suitors, and for their protection against the practices of those who might seduce their confidence, and induce them to trust the latter in the management of important interests, when suitors could not possibly ascertain the skill and qualifications of those in whom they confided, or their acquaintance with the most intricate, difficult, and important of human sciences.

The statute has further provided, that for malpractices, &c., the Supreme Court may strike the name of an attorney from the roll. Should he be enabled, under the character of " agent," to resume the practice, the intent of the law would be defeated, and all its provisions rendered null and void.

We are, therefore, of opinion that the judgment be reversed with costs.

*Judgment reversed.*