Lake Shore Management Co., as Agent, Plaintiff-Appellee, v. Alan L. Blum and Gloria Blum, Defendants-Appellants.

Gen. Nos. 51,875, 52,195. (Consolidated.)

First District, Fourth Division.

February 7, 1968.

Rehearing denied March 1, 1968.

Louis P. Miller and Walter Soroka, of Chicago, for appellants.

William W. Sher, Phillip E. Blecher, and Martin Tiersky, of Chicago (Phillip E. Blecher and Martin Tiersky, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

These consolidated appeals are from two separate orders confirming a judgment by confession.

On December 23, 1965, plaintiff confessed judgment against defendants on a lease for rental due thereunder for the months of February to November 1965. A summons was issued to confirm the judgment, an appearance filed on January 10, 1966, and the hearing set for January 31, 1966. However, a judgment of confirmation was entered January 19, 1966, by default. The appeal in Case No. 52,195 is based on this order.

On January 31, 1966, defendants filed an answer and counterclaim and on April 21, 1966, the counterclaim was stricken. An amended answer was thereafter filed by defendants and on September 26, 1966, after a trial, the judgment by confession was confirmed. The appeal in Case No. 51,875 is based on this order and will be discussed first.

Defendants contend that the court erred in confirming the judgment because (1) plaintiff had no capacity to sue; (2) defects in the execution of the lease invalidated the warrant of attorney; (3) eviction terminated the lease and foreclosed plaintiff from confessing judgment.

 This proceeding was brought in the name of "Lake Shore Management Co., as Agent," pursuant to a warrant of attorney in a lease authorizing the "Lake Shore Management Co., as Agent," to confess judgment. This was proper. The power to confess must be strictly

construed. Wells v. Durst Chevrolet Co., 341 Ill 108, 173 NE 92. Defendants argue that the judgment is void, contending that an agent, not himself an attorney, may never bring suit on behalf of his principal whether or not the agent is represented by an attorney. Defendants rely on Remole Soil Service, Inc. v. Benson, 68 Ill App2d 234, 215 NE2d 678. There a corporation prosecuted a claim through one of its agents, not a licensed attorney. The court held that a corporation could not prosecute its own suit except through a licensed attorney. Defendants also rely on Leonard v. Walsh, 73 Ill App2d 45, 220 NE2d 57. There the complaint was signed: "B. J. Smith, agent for Dr. J. P. Leonard" and alleged a claim for $50 for medical services. The court said at page 47:

> This record shows this proceeding to have been instituted on behalf of an individual plaintiff by one who is described as an agent and who is not an attorney. The decision of this Court in Remole Soil Service, Inc. v. Benson, filed April 12, 1966, 68 Ill App2d 234, 215 NE2d 678, requires a reversal of the judgment.
>
> In this case, it is clear that one not licensed to practice law has instituted legal proceedings on behalf of another in a court of record. When this appears the suit should be dismissed, and if it has proceeded to judgment the judgment is void and will be reversed. 7 CJS Attorney and Client, par 16b.

The conclusion in Leonard is based upon cases which were cited in Corpus Juris Secundum and which were concerned with the absence from legal proceedings of those licensed to practice law. In one of them, Bennie v. Triangle Ranch Co., 73 Colo 586, 216 P 718, a corporation sought to institute suit through an employee, not a licensed attorney. The court in dismissing the case enunciated this policy at page 719:

> . . . for the protection of citizens and litigants in the administration of justice, against the mistakes of the ignorant on the one hand and the machinations of unscrupulous persons on the other, . . . we cannot allow an action to be commenced and prosecuted through the courts by one who is denied the authority and the privilege of an attorney and counselor at law.

Clearly the institution of suit by the manager of a building through a licensed attorney cannot offend against this policy. The law requires that all who represent others in courts of law be attorneys-at-law. A layman may appear only in his own behalf. We find neither cases nor principles to support defendants' contention that an agent may not institute a suit as plaintiff on behalf of his principal when he employs an attorney-at-law to file the suit and represent him in court. Here the agent employing a licensed attorney sued in his capacity as agent, as authorized by the lease. The judgment is not void.

 But defendants argue that plaintiff could not bring suit because his principal was undisclosed and not a party to the lease. When a third party has notice that the agent is acting on behalf of a principal but no notice of the principal's identity, the principal is a partially disclosed principal. The agent of a partially disclosed principal is a party to the agreement and capable of bringing suit in his own right. Restatement of Agency 2nd, §§ 4 and 331. See also Hewitt v. Torson, 124 Ill App 375. Lake Shore Management Co. purported at all times to act on behalf of another party, never identified. It is therefore the agent of a partially disclosed principal and capable of bringing suit on its own right.

██ ██ Defendants point out, however, that Lake Shore brought suit as agent and argue that even if it could sue in its own right, it cannot sue on behalf of another not a party to the lease. A third party who deals with the agent of a partially disclosed principal is

51

liable to the principal unless he is excluded as a party by the form or terms of the agreement. Restatement of Agency 2nd, § 292. See also section 302. Defendants argue that this situation is controlled by Walsh v. Murphy, 167 Ill 228, 47 NE 354, where the court said that for a principal to be party to a sealed instrument both the seal and the instrument must purport on their face to be his. But this special rule governing what must appear on the face of sealed instruments cannot apply, since the seal no longer has independent legal validity.* Thus plaintiff could have sued either in its own right or as agent.

 Defendants point out that although the lease recites that plaintiff was acting as agent, it was signed merely "Lake Shore Management Co." without a description of capacity. They contend that this defect vitiated the judgment since warrants of attorney are strictly construed. However, the capacity of a party may appear anywhere in the lease, it need not appear after the signature of the party described so long as the capacity is clear. See Restatement of Agency 2nd, § 157. Furthermore, having taken possession and paid rents, the lessees cannot question the validity of the execution of the lease. See McCormick v. Loomis, 165 Ill App 214.

 Defendants next urge that their lease was terminated by reason of the service on them of a five-day notice on February 10, 1965. This notice stated that unless the February rent was paid by February 15 the lease would be terminated as of February 15. Defendants failed to pay the rent and were thereafter evicted. Plaintiff refers to paragraph 21 of the lease which provides:

---

\* Ill Rev Stats 1965, c 30, § 153b.

The use of private seals on written contracts, deeds, mortgages or any other written instruments or documents heretofore required by law to be sealed, is hereby abolished, but the addition of a private seal to any such instrument or document shall not in any manner affect its force, validity or character, or in any way change the construction thereof.

The obligation of Lessee to pay the rent reserved hereby during the full term hereof, or during any extension hereof, or any holdover tenancy, shall not be deemed to be waived, released or terminated, nor shall the right and power to confess judgment given in paragraph 24 hereof be deemed to be waived or terminated, by the service of any five-day notice, demand for possession, notice that the tenancy hereby created will be terminated on the date therein named, the institution of any action of forcible detainer or ejectment or any judgment for possession that may be rendered in such action, or any other act or acts resulting in the termination of Lessee's right to possession of the demised premises. . . .

A clause identical in substance to this paragraph was upheld in Broniewicz v. Wysocki, 306 Ill App 187, 190, 28 NE2d 283. In a recent opinion—Klein v. Ickovitz, 72 Ill App2d 59, 219 NE2d 73—the court also held that where the lease contains a clause to the effect that lessee's duty to pay rent survives his eviction in a forcible detainer proceeding, the lessor may proceed under the lease. We find no error in the confirmation of the judgment on September 26, 1966 (Case No. 51,875).

██ Defendants' appeal in Case No. 52,195 is based on the default order of confirmation of January 19, 1966, which was entered after the case was properly set for trial for January 31, 1966. It is conceded that this order confirming the judgment by confession was entered by mistake in Case No. 52,195 (Circuit Court No. 65 M 535261) and we will therefore reverse the order of January 19, 1966, and remand to the Circuit Court with directions to expunge it from the records. We need take no action on plaintiff's motion to dismiss this appeal.

In case No. 51,875 the order of September 26, 1966, confirming the judgment by confession will be affirmed.

Case No. 52,195—Reversed with directions. Case No. 51,875—Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.