THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* MABEL A. WITVOET, Defendant-Appellant.

(No. 57592;

First District (1st Division)—June 4, 1973.

Mabel A. Witvoet, *pro se.*

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Harvey N. Levin, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE EGAN delivered the opinion of the court:

The defendant, Mabel Witvoet, was found guilty by a jury of violation of chapter 34, section 4 of the Municipal Code of Chicago and fined $10. That section of the Municipal Code proscribes, in part, the maintenance of stands for sale of produce on a public way. Before the trial began, the judge informed the defendant that she could represent herself but that he would not permit her husband, who was not a licensed attorney, to represent her. She represented herself at the trial and before this court. The only error assigned is the ruling denying her husband the right to act as her attorney.

We hold that the trial court properly instructed the defendant concerning her rights of representation and correctly denied her request to permit her husband to act as her attorney. Section 1 of the Attorneys and Counselors Act provides: "No person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State." (Ill. Rev. Stat. 1971, ch. 13, par. 1.) Section 11 of the Act specifically provides, however, that parties to an action may appear and prosecute or defend in person.

■■ The validity of the statute (or its predecessor) was upheld in 1839. (*Robb v. Smith*, (3 Scam. 46), 4 Ill. 46.) And again in 1968, the appellate court said: "The law requires that all who represent others in courts of law be attorneys-at-law. A layman may appear only in his own behalf." (*Lake Shore Management Co. v. Blum*, 92 Ill.App.2d 47, 51, 235 N.E.2d 366.) Qualifications of those who may represent others in judicial proceedings have always been subject to the control of the courts. (*In re Day*, 181 Ill. 73, 54 N.E. 646.) The underlying reason for the statutory and judicial requirements is apparent: the protection of

litigants against the mistakes of the ignorant and the schemes of the unscrupulous and the protection of the court itself in the administration of its proceedings from those lacking the requisite skills.

The defendant's argument may be summarized: anything the Federal Constitution does not expressly forbid is lawful; the Constitution does not forbid laymen to act as lawyers; therefore, it is lawful for laymen to act as lawyers. The flaw of the syllogism, of course, is in the major premise, which begs the question. The same argument could support the legality of many acts now redressable in both civil and criminal actions.

■■■ While we recognize the sincerity of the defendant here, we cannot permit the statutory and judicial rules to be excepted whenever the relationship of husband and wife exists. The judgment of the circuit court is affirmed.

Judgment affirmed.

BURKE, P. J., and HALLETT, J., concur.