John TARKOWSKI, et al., Plaintiffs,

v.

PENNZOIL COMPANY, et al.,
Defendants.

No. 82 C 7989.

United States District Court,
N.D. Illinois, E.D.

Nov. 7, 1983.

John Tarkowski and James Tarkowski, pro se.

* As this opinion will make evident, plaintiffs are receiving more than their due—and likely more than is called for by the somewhat preferred status accorded pro se litigants. To add to the problem, defendants have not really done the job of informing this Court on the issues. Accordingly this opinion owes more to this Court's law clerk, Thomas Shreve, than to the litigants.

Philip A. Schuster, Tenney & Bentley, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER *

SHADUR, District Judge.

Four motions are currently before this Court in this products liability action by John and James Tarkowski (father and son, singly "John" and "James" and collectively "Tarkowskis"), appearing pro se, against Pennzoil Company and K-Mart Corporation:

1. Tarkowskis' August 20[1] motion to review various orders by Magistrate James Balog, including his August 17 discovery rulings;[2]

2. Tarkowskis' September 6 petition for rule to show cause why defendants should not be held in contempt of court;

3. defendants' September 14 motion to dismiss James's claim for want of prosecution; and

4. Tarkowskis' October 18 motion for an order to compel defendants to comply with their discovery requests.

For the reasons set forth in this memorandum opinion and order, this Court rules against Tarkowskis on all but the third motion (though it more than gives them the benefit of the doubt by permitting them to prevail on even that issue).

*Motion To Review the Magistrate's Orders*

Tarkowskis' August 20 motion sought review of Magistrate Balog's August 17 order compelling them to comply with all of defendants' discovery requests, but declining to order any further compliance by defendants. At that time Tarkowskis' objections were apparently based in large part on their disagreement with the magistrate's

1. All relevant dates were in 1983, so year designations will be omitted.

2. Defendants' related cross-motions are also in issue.

view of the relevance of the materials in question.[3]

In response defendants' August 31 cross-motion to strike contended the motion was fatally flawed by two departures from this District Court's General Rule 2.44 ("Local Rule 2.44"):

1. It was not "effected by the filing of written objections" that "specify the order or part thereof objected to and the basis of the objection."

2. No copies of the motion were "served on the magistrate."

On September 26 Tarkowskis replied by broadening the scope of their attack substantially, alleging ten grounds for objection to various rulings of Magistrate Balog. However they did not address defendants' second procedural point.[4]

Tarkowskis' failure to serve the magistrate might of course permit denial of their motion, but this Court is reluctant to impose that result on them.[5] Instead it exercises its discretion[6] to review the ten contentions in their Sept. 26 Mem. 4–6:

1. Magistrate Balog erroneously refused on August 17 to order defendants to produce the results of certain chemical analyses after having already entered such an order June 27.

2. Magistrate Balog erroneously treated the June 27 ruling as res judicata of Tarkowskis' August 17 motion to compel, based on a lie by defendants' counsel.

3. Magistrate Balog's August 17 discovery order against Tarkowskis violated Rule 23(b) by requiring production of irrelevant material and privileged work product.

4. That same discovery order compelled Tarkowskis to produce materials they had already produced.

5, 6, 7 and 9. Magistrate Balog exceeded his authority (as defined in 28 U.S.C. § 636(b)(1))[7] and violated his duty of impartiality when he suggested James's claim could be dismissed for his failing to appear to represent himself at status calls and motions.

8. Magistrate Balog erroneously refused to appoint counsel to represent the Tarkowskis.

10. Magistrate Balog exceeded his jurisdiction by making rulings on matters other than discovery.

Section 636(b)(1)(A) sets the standard of review of pretrial orders by magis-

---

**3.** Tarkowskis also claimed complying with a request for all private correspondence pertaining to the litigation "would be cumbersome, oppressive and amounts to an unconstitutional invasion of privacy" (Aug. 20 Mem. 4–5). That contention is utterly without merit, as it has long been established (even before the expansion of discovery via the Federal Rules of Civil Procedure ("Rules")) such broad requests are permissible. *Consolidated Rendering Co. v. Vermont,* 207 U.S. 541, 28 S.Ct. 178, 52 L.Ed. 327 (1908) (in the grand jury context). Tarkowskis' other attacks on defendants for conduct such as "intimidating plaintiffs with frivolous demands for costs and attorney's fees" (Aug. 20 Mem. 2) are not an independent ground for reversal, but rather beg the question by assuming defendants' actions were unjustified.

**4.** Tarkowskis obviously misconstrued that point as an argument Tarkowskis had not *filed* (as distinct from *served*) their objections in a timely manner.

**5.** Tarkowskis do not claim they were unaware of Local Rule 2.44 (and it should be noted 28 U.S.C. § 636(b)(1)(C) specifically calls for ob-

jections to be served and filed "as provided by rules of court"). However, their first reference to that Rule came not in their Aug. 20 motion but their Sept. 6 petition, filed after defendants' cross-motion to strike had mentioned Rule 2.44. This Court will indulge an assumption of ignorance on their part because they are acting pro se, though their overall conduct sorely taxes the solicitude normally extended to pro se litigants. See *Dozier v. Ford Motor Co.,* 702 F.2d 1189, 1194 (D.C.Cir.1983).

**6.** Local Rule 2.44(B) permits a district judge to reconsider matters determined by a magistrate sua sponte. That permits consideration of Tarkowskis' objections despite their failure to comply with the same Rule's requirements. It may be noted the non-compliance (failure to serve the magistrate) could not have prejudiced defendants.

**7.** This opinion's citations to the various parts of 28 U.S.C. § 636, which governs review of magistrates' decisions, will take the form "Section 636—."

trates: It must be shown "that the magistrate's order is clearly erroneous or contrary to law." That showing has not been made as to any of the objections:

1 and 2. Tarkowskis say defendants have not complied with the June 27 order; defendants say they have. Neither side has provided this Court with an account of the terms of the June 27 order, and neither has addressed the adequacy of defendants' interrogatory responses except in a conclusory manner. Thus this Court has the issue before it unadorned with either arguments or proof. Clearly Tarkowskis have not met their burden. But even were that not the case, reversal of Magistrate Balog would not be warranted. He has once ordered defendants to comply, and he cannot be faulted for not reissuing the same order. If defendants have not in fact complied, Tarkowskis can move before Magistrate Balog for a recommendation as to Rule 37 sanctions for such non-compliance.[8]

3. Rule 26(b)(1) allows "discovery regarding any matter, not privileged, which is relevant[9] to the subject matter involved in the pending action. . . ." In

response to defendants' document requests and interrogatories, Tarkowskis contented themselves with bald assertions (wholly without support) of irrelevance and the work product privilege.[10] In the face of Tarkowskis' total failure to follow prescribed procedures or to justify their actions, Magistrate Balog's order to compel discovery was appropriate.

4. Apparently Tarkowskis object here to the part of the August 17 order compelling them to produce five oil cans, on the ground that they had already produced three of those cans. Such partial production obviously is not a defense to production of the other two, and the objection is overruled.[11]

5, 6, 7 and 9. Whether James's claim should be dismissed for want of prosecution will be addressed substantively below. As for the procedural framework, a magistrate cannot himself dismiss a party's claim (Section 636(b)(1)(A)),[12] but he may recommend such dismissal (Section 636(b)(1)(B)). Consequently Magistrate Balog did not exceed his authority or violate his duty of impartiality.

---

**8.** That procedure, though available, is unlikely to be the most productive way to advance the litigation. Tarkowskis would be better advised to consult with defendants' counsel to determine why they believe defendants are in compliance. When the precise point or points of disagreement between the parties is or are identified, the parties can go before the magistrate and request a specific ruling. It seems most likely the parties simply have differing views as to the terms of Magistrate Balog's oral June 27 ruling.

**9.** "Relevant" states a very low threshold in this context, for the Rule concludes with an easily-met standard: "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

**10.** For example, defendants requested (Aug. 31 Mem.Ex. D):

1. Copies of all correspondence and other documents passing between you, either defendant, and any third party which refer or relate in any way to any of the matters alleged in your complaint herein.

Tarkowskis made a wholly untenable response (*id.* Ex. E):

1. The information and documents requested in Defendants' Request No. 1 fails to

set forth any documents to be produced with reasonable particularity, in violation of Rule 34(b) of F.R.C.P. and therefore, is objected to. Moreover, the information requested generally, would be in violation of Rule 26(b)–(1) in that correspondence between private parties is privileged, and if in any way applicable to the issues of this Complaint and if in the possession of an attorney, would be a nondisclosable work product, a theory of law, and a trial preparation material. Further the request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**11.** Tarkowskis also do not justify their non-compliance by saying the request "would take away all of plaintiffs' evidence against the defendants" (Aug. 20 Mem. 4). Defendants borrow Tarkowskis' oil samples at their own peril. Tarkowskis can obtain appropriate terms for the preservation and return of the oil cans by requesting a protective order under Rule 26(c).

**12.** Accordingly Magistrate Balog's refusal to rule either way on the question does not, as Tarkowskis contend (Sept. 6 Mem. 5), constitute the law of the case.

8. There is no general right to appointed counsel in civil cases. *Merritt v. Faulkner,* 697 F.2d 761, 763 (7th Cir. 1983).[13]

10. Magistrate Balog's only "ruling" that Tarkowskis contend exceeded his authority was his suggestion that defendants move this Court to dismiss James's claim for want of prosecution. That was not a *ruling* at all, so no excess of authority could be involved.

■ Defendants responded to Tarkowskis' motion for review not only by opposing that motion but also by moving to compel discovery and for an award of expenses and attorney's fees under Rule 37(a)(4). Tarkowskis undoubtedly are remiss as defendants claim. After being ordered on August 17 to respond to defendants' discovery requests, they unilaterally decided not to comply until this motion had been disposed of. Such a decision was not for Tarkowskis to make. Instead they should have moved the magistrate (or even this Court, which would not have held them to the procedural niceties) for a stay of the order pending review. Not having obtained a stay, they are in violation of the August 17 order.

Nonetheless defendants' Rule 37(a)(4) motion must be denied. All matters concerning discovery, including motions to compel and for Rule 37 sanctions (other than contempt, see Section 636(e)), have been assigned to Magistrate Balog in the first instance. Pendency of Tarkowskis' motion to review before this Court does not justify defendants in ignoring that line of

authority via a cross-motion. They are free, however, to return to the magistrate with the issue.[14]

This Court recognizes defendants' cross-motion was likely triggered by frustration at Tarkowskis' uninformed blunderbuss approach to the Rules. To avoid the future taxation of expenses against them, Tarkowskis should acquaint themselves with the Rules' discovery scheme. Discovery should occur with considerably less judicial supervision than has been called for here. As already stated in this opinion, the threshold for permissible discovery under the Rules is a low one. Responding to any discovery request with a flat-out objection and refusal to answer is a little like playing Russian roulette, except that the odds against the recalcitrant player in the discovery game are considerably worse[15] (though the risk, a Rule 37(a)(4) sanction, is obviously not as great). And the same is true to an even greater extent in flouting a discovery *order,* for there the possible sanctions (as in Russian roulette) do extend to fatal ones—see Rule 37(b)(2).

### Motion To Have Defendants Held in Contempt of Court

■ On September 6 Tarkowskis filed a "Petition for Rule To Show Cause" why defendants and their counsel should not be held in contempt of court. Tarkowskis asserted at least eight discernible objections to the behavior of defendants' counsel, many of which have never been advanced before Magistrate Balog.[16] Because all the

---

**13.** *Merritt* considered (697 F.2d at 763–66) the circumstances under which an *indigent* plaintiff in a civil case has a right to appointed counsel. While that decision limited the circumstances in which counsel may be appointed, Judge Cudahy (*id.* at 769, concurring) sought to temper those limitations by saying, "In any event, justice demands that, in some cases, representation be supplied." But those considerations do not apply to Tarkowskis because they do not claim to be indigent and did not file suit in forma pauperis. For a thoughtful analysis by another distinguished judge of our Court of Appeals dealing with issues associated with appointment of counsel in civil cases, see Swygert, *Should Indigent Civil Litigants in the Fed-*

*eral Courts Have a Right to Appointed Counsel?,* 39 Wash. & Lee L.Rev. 1267 (1982).

**14.** Both parties' attempts to "jump ship" and bring discovery matters of first impression before this Court rather than the magistrate are excused this time. Any future repetition, however, will be met not only with a denial but with serious consideration of an award of expenses under Rule 37(a)(4).

**15.** For that reason among others, litigants in this District Court are obligated to comply with its Local Rule 12(d).

**16.** Tarkowskis apparently take charges of improper motive and deliberate deception lightly,

objections pertain to the course of the discovery process, the petition is denied without prejudice to its reassertion in a proper fashion after submission to Magistrate Balog (see for example Section 636(e)).

### Motion To Dismiss James's Claim for Want of Prosecution

At Magistrate Balog's suggestion defendants have filed a motion to dismiss James's claim for want of prosecution. James, like his father John, is pursuing this matter pro se. Unlike John, however, James has never appeared for *any* of the proceedings in the case, including numerous status calls and motion hearings.

Whenever a plaintiff fails to pursue his case, his claim may be dismissed for want of prosecution under Rule 41(b). Here a finding James has not prosecuted his case depends on whether John can represent James's interests for him (as John proposes to do). If John has not been representing James and cannot represent him in the future, then James' cause of action may be or become so atrophied by lack of appearances on his behalf that James's claim must be dismissed with prejudice.

Federal case law is aligned against Tarkowskis on the question whether John can represent James. Our Court of Appeals has held that even in criminal cases, where procedural safeguards for pro se litigants are much stronger than in civil cases, there is no right to be represented by a nonlawyer. *United States v. Taylor,* 569 F.2d 448, 451 (7th Cir.), *cert. denied,* 435 U.S. 952, 98 S.Ct. 1581, 55 L.Ed.2d 803 (1978). And in civil

actions *Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) has held a nonlawyer could not file papers on his father's behalf. Obviously the *Guajardo* principle must be commutative: It must apply with equal force where, as here, the nonlawyer is a father seeking to represent his son.[17]

Tarkowskis respond in shotgun fashion, asserting numerous undeveloped arguments in three separate memoranda:

1. Requiring James to appear violates Tarkowskis' First, Fifth and Ninth Amendment rights (Aug. 20 Mem. 3).

2. Requiring James to be represented by a lawyer rather than a nonlawyer violates state and federal antitrust laws (*id.* at 3).

3. James is in fact prosecuting the case, for he plans to submit to defendants' deposition (Sept. 16 Mem. 1).

4. James's failure to appear during the proceedings does not prejudice defendants (*id.*).

5. Tarkowskis have been unable to procure an attorney despite reasonable diligence, and James cannot miss work regularly to prosecute his case or he will lose his job. Therefore an adverse ruling on this issue puts James to an unacceptable choice between his case and his job (*id.* Ex. A at 2–3).

6. Kin are allowed to represent kin under common law (*id.* Ex. A at 6–7) and Ill.Rev.Stat. ch. 13, § 22 (Sept. 26 Mem. 6).[18]

Those arguments can be dealt with in brief compass:

at least when they are on the charging end. This Court has personal knowledge of just one of the eight charges of "misconduct," but that one is clearly groundless. Tarkowskis asserted (Sept. 6 Mem. 5) defendants' counsel "deliberately misstated the truth ... by misrepresenting to this Court that plaintiffs have not filed or served their Motion to Review Magistrate Balog's Orders, within 10 days of the time set in Local Rule 2.44(B)." In fact defendants' counsel correctly pointed out (Aug. 31 Mem. 3, emphasis supplied) "it does not appear that plaintiffs *served a copy of said motion on the magistrate* within 10 days as required under local Rule 2.44."

17. *Guajardo*'s policy encompasses all representation in court by laymen, regardless of the closeness of their relationship to their "clients" (432 F.2d at 1325):

> [P]rohibiting laymen from representing other persons in court allows courts to impose upon lawyers the responsibility incident to the professional spirit and appropriate to those who are "officers of the court."

18. Tarkowskis also contend that Magistrate Balog's failure to rule on the motion is now the law of the case. That argument has been rejected at n. 12.

1. There is a First Amendment right to communicate privately about cases, but not to appear in court as a nonlawyer on behalf of another. *Storseth v. Spellman,* 654 F.2d 1349 (9th Cir.1981); *Turner v. American Bar Ass'n,* 407 F.Supp. 451, 478–79 (N.D.Tex. et al. 1975), *aff'd on the opinion below sub nom. Pilla v. American Bar Ass'n,* 542 F.2d 56 (8th Cir.1976). There is no Fifth Amendment right to be represented by a nonlawyer, for the courts have an established interest [19] in limiting civil practice to licensed lawyers and pro se litigants. Finally, the Ninth Amendment assertion is wholly circular, for only if the rule limiting law practice by nonlawyers is itself unconstitutional can the "right" to practice law be said to have been retained by nonlawyers.

2. Limiting the practice of law by nonlawyers does not violate the antitrust laws. *Turner,* 407 F.Supp. at 479–80.

3. James's promise to submit to a deposition, without more, does not satisfy his obligation "to prosecute" his claim for Rule 41(b) purposes.

4. No exception to the firm rule against practice of law by a layman permits John to practice law, simply because he says it may not prejudice his opponents. Once again, the restriction is a function of the *public* interest (not that of the adversary in litigation). Thus the contention—even if true—is irrelevant.

5. In civil litigation—with limited exceptions not applicable here [20]—the burden is entirely on the litigants to procure their own lawyers. Tarkowskis' failure to procure representation is not the responsibility of the legal system. Thus James's posing of the issue as a forced choice between his job and his cause of action rests on a false premise.

6. In support of their argument that kin may represent kin in lawsuits, Tarkowskis cite four pre-1900 cases that say kin may *assist* kin in lawsuits. Defendants do not object to John assisting James, only to his *representing* James. See *Storseth,* 654 F.2d at 1355 (distinguishing assistance from legal representation). Moreover Ill.Rev.Stat. ch. 13, § 1 clearly prohibits the practice of law without a license. *City of Chicago v. Witvoet,* 12 Ill.App.3d 654, 299 N.E.2d 128 (1st Dist.1973) holds a husband cannot represent his wife in court—a decision wholly at odds with Tarkowskis' "kin representing kin" assertion. Tarkowskis' citation of Ill.Rev.Stat. ch. 13, § 22 is inapposite because that section provides only a limited exception against the crime of "maintenance"—it merely says *assisting* a kinsman in maintaining a lawsuit is not a crime. It does *not* authorize the practice of law without a license on behalf of a kinsman.[21]

▮ Thus Tarkowskis' position is wholly without warrant in the law. Nonetheless this Court denies the current motion for a dismissal with prejudice of James's claim. Dismissal with prejudice for want of prosecution is the ultimate sanction, and it should not be resorted to unless lesser sanctions cannot serve the purpose.[22]

Accordingly this opinion will serve as a caveat for the future. If James persists in his non-appearance despite this fair warn-

---

19. See n. 17.

20. See n. 13.

21. Even were the Illinois statutory provision otherwise (as it is not), that would not bind this District Court, which—like all courts—is entitled to regulate the practice of its own bar.

22. Within the past two weeks our Court of Appeals has spoken at length on just this issue:

when a trial court's *dismissal* for want of prosecution, as contrasted with some less severe treatment, will be sustained. *Webber v. Eye Corp.,* 721 F.2d 1067 (7th Cir.1983). Suffice it to say that though James has come close to the line, this Court's decision not to dismiss—at least in the present state of affairs—is a studied one and needs no extended discussion or citation of authority.

ing,[23] dismissal of his claim will be reconsidered.

### Motion To Compel Defendants To Comply with Discovery

Finally, on October 18 Tarkowskis moved to compel defendants to comply with certain discovery requests. That motion was brought before this Court in the first instance, in direct contravention of the magistrate's designation to handle all discovery matters in this action.

Consequently Tarkowskis' motion is denied without any expression on its merits. While no expenses are awarded this time, any attempted repetition will be met not only with a denial but with appropriate sanctions under Rule 37.

### Conclusion

This Court adopts and affirms all discovery rulings by Magistrate Balog involved in the current motion. Tarkowskis' petition for rule to show cause why defendants should not be held in contempt is denied. Defendants' motion to dismiss James's cause of action is denied (for the present). Finally, Tarkowskis' October 18 motion to compel defendants' compliance with discovery is denied as not now ripe for this Court's consideration.

---

**23.** James may of course appear either personally or by a lawyer admitted to practice.