## CIRCUIT COURT OF THE CITY OF RICHMOND

Crump Floor and Tile, Inc.

v.

Church Hill/Fairmount Building Co. and
Church Hill/Fairmount Limited Partnership

March 17, 1987

Case Nos. N 3517-2, N 3521-2

By JUDGE ROBERT L. HARRIS, SR.

Crump Floor and Tile filed Memoranda for Mechanic's Liens against Church Hill/Fairmount Building Company and Church Hill/Fairmount Limited Partnership. Suits to enforce the mechanic's lien were timely filed as prescribed under § 43-17, Code of Virginia, 1950, as amended. These suits were filed by Thomas A. Crump, President and sole stockholder of Crump Floor and Tile, Inc. Mr. Crump is not licensed to practice law before the courts of this Commonwealth.

For the reasons discussed below it is the opinion of the court that defendants' motions to dismiss should be granted.

Under Unauthorized Practice Rule 1-101(B):

A non-lawyer regularly employed on a salary basis by a corporation appearing on behalf of this employer before a tribunal shall not engage in activities involving the examination of witnesses, the preparation and filing of briefs or pleadings, or the presenting of legal conclusions.

Thomas A. Crump is president and sole stockholder of Crump Floor and Tile, Inc., a closely held corporation. He is employed on a salaried basis. Mr. Crump filed the Bills of Complaint on behalf of his corporation. Neither side disputes that he engaged in the unauthorized practice of law. The court must determine if on the basis of the above facts (1) the suits should be declared *void ab initio*; or (2) Mr. Crump should be allowed to proceed with substituted counsel in the interests of substantial justice.

Defense counsel contends that since Mr. Crump signed the Bills of Complaint, the suit should be declared *void ab initio*. Mr. Crump, while not a lawyer, is a duly authorized agent of Crump Floor and Tile, Inc. In *Marken Real Estate & Management Corp. v. Adams*, "a document was filed with the trial court which served as a complaint, a distress warrant and an inventory of the property seized." 371 N.E.2d 1192 (1977). Mr. Hunt, an employee of the plaintiff signed the complaint portion. *Id.* at 1192. On appeal the court held that "where, as here, proceedings are instituted by a person not entitled to practice law, they are a nullity. . . ." *Id.* at 1195.

In *Housing Auth. of Cook County v. Tonsul*, James A. Floyd signed a complaint in a forcible entry and detainer action in the space reserved for the attorney's signature. 450 N.E.2d 1248, 1249 (1983). After corrections were made, the signature line read, "James A. Floyd, agent for plaintiff." *Id.* at 1249. On appeal, the majority in *Tonsul* stated that "municipal corporations, like their business counterparts, are soulless and inanimate, and when an agent undertakes to practice law on behalf of such a principal, he must be licensed to do so." *Id.* at 1251.

In *Midwest Home Sav. & Loan v. Ridgewood*, the notice of appeal was signed by the secretary of defendant Ridgewood, Inc., Donald J. Dougherty. 463 N.E.2d 909, 911 (1984). Dougherty is not an attorney. *Id.* at 911. On appeal, the court concluded that "the instant appeal, having been instituted by a person not entitled to practice law, is a nullity." *Id.* at 912.

*Starrett v. Shepard* presents a divergence from the strict equation of suit filed plus nonattorney equals nullity. 606 P.2d 1247 (Wyo. 1980). A Northwest corporate officer, a nonlawyer, filed a motion to quash service. After

Starrett's response, Northwest retained counsel. *Id.* at 1253. On appeal, the Supreme Court of Wyoming agrees that actions taken by nonlawyer corporate officers are subject to be stricken or declared nullities. *Id.* The court continued on to mention though, that such action "is not justified in a case such as this, wherein the representation was very limited." *Id.*

Mr. Crump's representation of Crump Floor and Tile, Inc., was extensive. It went far beyond the limited scope of representation in *Starrett.* In each case Mr. Crump was initiating a suit, not merely filing one specific, limited motion. The process surrounding the beginning of a suit is a complex one demanding substantial legal expertise.

Courts are concerned, and no less this one, with the potential problems that may occur when a layman acts in the capacity of an attorney. Motions may have to be refiled or cases dismissed. Both possibilities result in added expense for the client. Where the statute of limitations has run, though, as in the instant case, the client is out of court unless an underlying action survives. The general policy against allowing laymen to practice law "is intended to protect litigants against the mistakes of the ignorant and the schemes of the unscrupulous and to protect the court itself in the administration of its proceedings from those lacking the requisite skills." *City of Chicago v. Witvoet,* 299 N.E.2d 128 (1973).

*Janiczek v. Dover Management Co.,* 481 N.E.2d 25 (1985), applies the policy expressed in *Witvoet.* That court, however, went beyond a blanket use of policy. That court looked at how application of the rule would apply to the facts of the particular case. In *Janiczek,* the plaintiff hired an attorney, Mr. Orth, to represent him in a worker's compensation claim and a common law action. *Id.* In the interval between the end of the former action and the start of the latter, Mr. Orth was disbarred by the Illinois Supreme Court. *Id.* Mr. Janiczek was unaware that he was not represented by an attorney licensed to practice law in Illinois. *Id.* When he did discover Mr. Orth's deception, he obtained substitute counsel. *Id.* at 26. On appeal the court held that "given these unique circumstances, we believe that a rigid adherence to precedent would not advance, but would in fact defeat, the purposes of the rule prohibiting representation by nonattor-

neys." *Id*. at 27. *See also Niklaus v. Abel Construction Co.*, 83 N.W.2d 904 (1957) (although required in this case, the drastic remedy of declaring a suit a nullity may not be required in all cases).

It appears that if actions are not dismissed due to a strict adherence to precedent, courts should base such determination on whether it would be in "the interest of substantial justice." Two considerations are (1) if the person who represented the corporation is a sole owner; and (2) if an underlying cause of action will remain.

In the instant case, Mr. Crump is the president and sole stockholder of the plaintiff corporation. He is the person harmed by his error in filing the Bills of Complaint himself. If, though, innocent stockholders would be harmed then the court's position might alter. If Crump was not the sole stockholder, however, and innocent stockholders would suffer, whether or not the case would go forward could depend on the legal relationship between agent and stockholders.

A second consideration is whether or not an underlying cause of action exists. Here the underlying causes of action will survive. Crump Floor and Tile, Inc., may hereafter file motions for judgment on the underlying claims. Even if a cause of action would not survive, and a corporation's stockholders would not be harmed, it might still be in the interest of substantial justice not to dismiss the action. If creditors of the corporation existed, and the action was dismissed with no surviving underlying cause of action, then they would be harmed through no fault of their own.

In the instant case, Mr. Crump is the president and sole stockholder of the plaintiff corporation. No innocent stockholders or creditors of Crump Floor & Tile await this decision. An underlying cause of action survives. The policy of prohibiting the unauthorized practice of law is served without doing violence to the substantial interests of justice.

Counsel for the defendants have also raised questions as to the sufficiency of the liens. In view of the court's decision on the motions to dismiss, it is not necessary to reach those issues.