# CIRCUIT COURT OF HENRICO COUNTY

Modular Wood Systems, Inc.

    v.

World Trade Group, L.L.P.

February 23, 2009

Case Nos. CL08-2845, CL08-2585

BY JUDGE CATHERINE C. HAMMOND

This matter initially came before this Court on a motion to quash a garnishment summons, pursuant to Virginia Code § 8.01-477, in case numbered CL08-2585. The parties then agreed to submit for decision a demurrer filed in CL08-2845, a case in which the judgment debtor filed a separate Complaint, pursuant to Va. Code §§ 8.01-428 and 8.01-623, to set aside the default judgment entered September 26, 2008. The motion to quash is by the judgment debtor, World Trade Group, L.L.P. ("WTG"). The judgment creditor is Modular Wood Systems, Inc. ("Modular"). The pleadings establish the following.

On May 1, 2008, Modular filed a Complaint against WTG in Case No. CL08-1052. Modular alleged that the parties had an agreement for WTG to deliver 41,980 aluminum inserts in Virginia. Modular alleged that it paid $66,748.20 in advance for the goods and that WTG breached the agreement. Modular prayed for $47,939.16 in damages.

Modular served WTG through the Secretary of the Commonwealth. The Secretary filed its Certificate of Compliance in this Court on July 8, 2008.

On July 23, 2008, in Case No. CL08-1052, papers were filed with the Clerk of the Court. The papers were signed "James F. Valenti, Jr., Esquire,

CEO, World Trade Group, L.L.P., pro se" ("the Valenti papers"). The Valenti papers were styled "Motion to Quash Service of Process and to Dismiss Complaint."

On September 19, 2008, Modular moved to strike the Valenti papers on the ground that James F. Valenti was not a member of the bar of Virginia. Modular invoked the "nullity" rule with respect to the Valenti papers. Modular also moved for a default judgment.

On September 19, 2008, Modular also filed a notice with the Clerk of the Court. It showed that Modular's Motion to Strike and Motion for Default Judgment were set for hearing on September 26, 2008, at 9:30 a.m. However, Modular did not serve anyone with a notice of hearing.

On September 26, 2008, Modular appeared by counsel. No one appeared for WTG. Modular proved its damages. This Court entered a default judgment. No action was taken on Modular's Motion to Strike the Valenti papers.

In support of its motion to quash the garnishment summons and its Complaint to set aside the default judgment, WTG argues that the default judgment is void. "The remedy by motion to quash, a proceeding directly challenging the fi. fa., is proper, for example, when . . . the underlying judgment is void." *Barbuto v. Southern Bank*, 231 Va. 63, 68 (1986). WTG argues that (1) it appeared *pro se* within the time allowed for responsive pleading and is not in default; (2) the Valenti papers were not a nullity; (3) the Valenti papers were subject to attack on a motion to strike, but that notice was required for that motion under Rule 1:12, and notice was not provided; (4) Modular's authority to conduct business was revoked by the State Corporation Commission on September 2, 2008, and maintenance of the action after that date violated Va. Code § 13.1-758; (5) the test under Va. Code § 8.01-428(D) is satisfied; and (6) there is an error of law that this Court should correct under Va. Code § 8.01-623.

The first issue is whether WTG filed a responsive pleading within twenty-one days of service of process. It did not. In Case No. CL08-1052, WTG was properly served in a suit alleging breach of contract, and sufficient long-arm jurisdiction was set out. The Valenti papers were filed within twenty-one days. However, the Valenti papers were not a responsive pleading because WTG, a business organization, could not file a pleading *pro se*. *Kone v. Wilson*, 272 Va. 59 (2006); *Jones v. Dep't of Social Services*, 2005 Va. App. LEXIS 388 (unpublished); *Anderson Building, L.L.C. v. University Market, Inc.*, 52 Va. Cir 299 (2000); *Crump Floor & Tile, Inc. v. Church Hill/Fairmount Building Co.*, 8 Va. Cir. 375 (1987); *Bryson on Virginia Civil Procedure*, § 6.01 (2008 ed.). WTG had to be represented by a lawyer

authorized to practice law in Virginia. This requirement is found both in Rule 1A:4 of the Rules of the Supreme Court and in Part 6 of the Rules, which forbids the unauthorized practice of law. UPL Rule 1-101. UPC 1-3 provides that a corporation "does not have the same right of appearance before a tribunal as an individual and may not be represented before a tribunal by its officers, employees, or agents who are not duly licensed to practice law in Virginia."

WTG does not argue that Mr. Valenti was an attorney with or without a license to practice law in Virginia or another state. Instead, WTG argues that the nullity rule is limited by the Virginia Supreme Court to instances where an attorney's licensure is at issue under Rule 1A:4. WTG tries to distinguish the case at bar by arguing that it is not Mr. Valenti's license that is at issue; instead the issue is whether the UPL Rules lead to nullification of a *pro se* pleading.

The Supreme Court of Virginia has addressed the legality and effect of a pleading signed by someone not authorized to practice law (as contrasted to someone suspended from the practice or licensed to practice in a foreign jurisdiction). In *Kone v. Wilson*, the administrator of a decedent's estate attempted to file a wrongful death action *pro se*. The administrator was not an attorney and was not licensed to practice law. The *pro se* filing was not allowed by the circuit court. By the time the administrator retained an attorney and filed a new pleading, the statute of limitations had run. The new pleading was not allowed to relate back so as to save the claim. This was because Kone's initial motion for judgment "was invalid and without legal effect because he signed the pleading in a representative capacity and was not authorized to practice law in this Commonwealth." 272 Va. at 63 (citing *Nerri* and *Wellmore Coal*).

WTG is correct that *Nerri* and *Wellmore* involved pleadings filed by attorneys rather than laymen. In *Nerri v. Adu-Gyamfi*, 270 Va. 28 (2005), the initial pleading, a motion for judgment, was signed by a suspended attorney. Because of that, the motion for judgment "was invalid and had no legal effect." In *Wellmore Coal Corp. v. Harman Mining Corp.*, 264 Va. 279 (2002), the notice of appeal was signed by a foreign attorney. Under Rule

1A:4 the notice was "invalid" and "had no legal effect."[1] Rule 1A:4 provides that "any pleading or other paper required to be served . . . shall be invalid unless it is signed by local counsel." Rule 1A:4 does not say that the pleading is invalid only if the paper is signed by a suspended attorney or a foreign attorney. In view of *Kone, Nerri,* and *Wellmore,* there is no logical reason to conclude that a *pro se* pleading by a corporation is anything other than a nullity. The Valenti papers had no legal effect and thus the time expired for WTG to file a responsive pleading.

Next, WTG contends that, when Modular moved to strike the Valenti papers, WTG had to have notice of the motion to strike before any hearing or entry of judgment. Rule 1:12. WTG relies on language in *Glumina* referring to a purported pleading as a "nullity" that "should be stricken." From this, WTG argues that the Valenti papers might have been subject to a motion to strike, but that no such motion was ever before the Court, no notice of hearing having been provided in accordance with Rule 1:12. WTG's argument is not a correct citation of *Glumina.*

The *Glumina* decision contains the following paragraph:

> On December 14, 1998, a paper labeled "Pleading on Motion for Judgment" was lodged with the clerk of the trial court. It was signed "Glumina Bank by Attorney Mladen Simundic," giving a Croatian address. Defendant's counsel of record on appeal correctly admits that this "responsive pleading" was not filed by an attorney authorized to practice law in Virginia and, as such, is a "nullity and should be stricken."

259 Va. at 315. In this passage, the Supreme Court was quoting from counsel's statement in *Glumina.* The Supreme Court did not hold that a "responsive pleading" filed by an unlicensed attorney is only subject to a motion to strike. This argument by WTG is not well founded in the law.

WTG next argues that Modular's corporate standing lapsed and, as an "inactive" company, it could not maintain an action. For this reason, WTG contends that the judgment is void. Assuming that WTG is factually correct

---

[1] In *Glumina Bank v. D. C. Diamond Corp.,* 259 Va. 312 (2000), papers were filed in response to motion for judgment but the papers were signed "Glumina Bank by Attorney . . . Mladen Simundic," giving an address in Croatia. The was not a responsive pleading, according to an admission of Glumina Bank's counsel. Thus it was not discussed in the Supreme Court's opinion. The opinion of the Supreme Court is limited to the question of personal jurisdiction over the defendant.

about Modular's loss of corporate status, the loss would not mean that the judgment is void from the beginning. In *Quarles v. Miller*, 86 F.3d 55 (4th Cir. 1996), the same argument was rejected. The United States Court of Appeals held that a foreign corporation's failure to qualify under Title 13.1 was not jurisdictional and did not render a judgment void. *Video Engineering Co. v. Foto-Video Electronics, Inc.*, 207 Va. 1027 (1967), was similar. The plaintiff corporation did not have its certificate of authority when it filed an attachment proceeding, but obtained one later (after the defendant challenged the failure). The Supreme Court held that it was a cure to obtain the certificate late. If a defect in Modular's corporate status had been raised as a defense to the Complaint in Case No. CL08-1052, these issues could have been considered. However, no response was filed by WTG after it was properly served in a long-arm case. "A defendant in default is not entitled to notice of any further proceedings in the case. . . ." Rule 3:19.

In its Complaint, WTG asserts that it should be relieved of the default under Va. Code § 8.01-428(D). In order to vacate a default judgment under this section, the Court must be able to find that there was fraud, accident, or mistake which prevented the defendant from obtaining the benefit of its defense. The mistake is said to be Mr. Valenti's mistaken belief that he could file an answer on behalf of his company. "But for his mistaken belief, WTG would have retained an outside attorney admitted in Virginia to assert [WTG's] strong defenses." (Complaint para. 29.) The Court must also have a showing that the defendant was free from negligence. I cannot find that here. Unlike the facts in *Media General, Inc. v. Smith*, 260 Va. 287 (2000), here there is no allegation that the defendant did not know what happened to the motion for judgment. WTG knew it had been sued. It simply did not comply with the law. Courts cannot operate in a predictable manner unless the time limits are enforced.

Finally, WTG argues that the default judgment reveals an error of law which can be corrected under § 8.01-623. For the reasons stated above, no error of law is apparent on the record.

For these reasons the motion to quash the garnishment summons is denied in CL08-2585. The demurrer is sustained in CL08-2845.