ROBERT P. SMITH, Jr., Judge.
Lincoln American appeals from a trial court order denying its motion to set aside a default, entered by the clerk upon Lincoln American’s apparent failure to serve and file its answer promptly on the due date. Initial service of process was made on the Insurance Commissioner as agent for the insurer, headquartered out of this state. In fact Lincoln American’s answer was served by mail one day before the due date, and service was “complete upon mailing.” Fla. R.Civ.P. 1.080(b). The default was entered on the day after the due date, three days before the clerk received the tendered answer by mail. The trial court did not regard the answer as too tardily filed after “service,” Fla.R.Civ.P. 1.080(d), but treated it as a nullity because it was signed by a Memphis, Tennessee lawyer who was not admitted to practice in Florida, though others in his Memphis firm were so admitted. We quite agree with the circuit court that the lawyer’s casual practice of appearing in a foreign court without permission, Fla.R. Jud.Admin. 2.060(b), deserves rebuke; yet we also think the lawyer’s violation is mitigated-at least sufficiently to avoid this harsh result to his client-by the shortness of time available to arrange for Florida counsel to serve a timely answer, and by counsel’s apparent intention to secure Florida counsel for further appearances. Therefore, trusting that Lincoln American’s Tennessee counsel will develop other more appropriate means to protect their client’s interests in such situations, we think the default should be considered the result of excusable neglect. There was an ample showing of a meritorious defense. Fla.R. Civ.P. 1.540(b).
REVERSED.
BOOTH and SHAW, JJ., concur.