417 So.2d 272 (1982)
DAYTONA MIGI CORPORATION, etc., Appellant,
v.
DAYTONA AUTOMOTIVE FIBERGLASS INC., Etc., Appellee.
No. 82-304.
District Court of Appeal of Florida, Fifth District.
June 2, 1982.
Rehearing Denied July 27, 1982.
*273 Henry C. Anderson, pro se.
J. Doyle Tumbleson of Kinsey, Vincent, Pyle, Williams & Tumbleson, Daytona Beach, for appellee.

ON MOTION TO DISMISS APPEAL
ORFINGER, Judge.
Following the remand of this case to the trial court after an earlier appeal,[1] the trial court, in compliance with the mandate of this court, reconsidered the matter of damages and on December 16, 1981, entered a final judgment from which appellant takes this appeal.
On January 14, 1982, the trial court entered an order denying appellant's motion for rehearing.[2] This order also denied appellant's motion for suggestion of disqualification, and taxed costs in favor of appellee. On January 29, 1982, the trial court entered an amended order, identical in every respect to the order of January 14, 1982, except that paragraph 2 read: "Plaintiff's motion for rehearing is denied." Appellee moves to dismiss the appeal on two grounds: (1) that the notice of appeal was untimely, in that it was filed more than thirty days from rendition of the final judgment appealed from; and (2) even if timely, a notice of appeal is ineffective when signed only by an officer of a corporate appellant, not an attorney, and no attorney has signed the notice. We conclude that for either reason, the appeal should be dismissed.
Appellant is correct that the notice of appeal was timely if the time for filing began to run on January 29, 1982, when the *274 amended order was entered.[3] However, the amendment or modification of an order in an immaterial way does not delay the time for seeking review. St. Moritz Hotel v. Daughtry, 249 So.2d 27 (Fla. 1971). The time for taking an appeal is tolled only if the second order changes matters of substance or resolves a genuine ambiguity. B.G. Leasing, Inc. v. Heider, 372 So.2d 184 (Fla. 3d DCA 1979). The test is whether the court in the second order has disturbed or revised legal rights and obligations which had been settled with finality in the original order. Id; cf. Salinger v. Salinger, 100 So.2d 393 (Fla. 1958) [trial court order amending final decree, per stipulation of the parties, to provide for a different effective date did not suspend rendition of the original order and postpone the time for taking appeal].
We note no substantive change between the order of January 14 and the amended order of January 29. In both, the petition for rehearing was denied. Neither does appellant point to any such change. Thus, the amended order did not extend the time for filing an appeal and final judgment was "rendered" when the motion for rehearing was disposed of by the order of January 14. The notice of appeal filed March 1, 1982, was too late.
Because the notice of appeal was signed by a corporate officer who is not an attorney, the notice of appeal would be dismissed in any event. A corporation must be represented in court by an attorney and may not be represented by a corporate officer. Quinn v. Housing Authority of Orlando, 385 So.2d 1167 (Fla. 5th DCA 1980); Southeastern Associates, Inc. v. First Georgia Bank, 362 So.2d 967 (Fla. 1st DCA 1978); Angelini v. Mobile Home Village, Inc., 310 So.2d 776 (Fla. 1st DCA 1975). In Nicholson Supply Co., Inc. v. First Federal Savings & Loan Assoc. of Hardee County, 184 So.2d 438 (Fla. 2d DCA 1966), the court denied a petition to amend the complaint for foreclosure of a lien to include an attorney's signature after the time for foreclosure had run, holding the original complaint to be a nullity.
A corporation, unlike an individual, may not appear in court "in proper person" and represent itself. Neither may a pleading be signed by a corporate officer who is not a licensed attorney at law. Thus, any pleading purporting to be signed by such corporate officer is a nullity and has no effect. Nicholson, 184 So.2d at 442.
The motion to dismiss is GRANTED and the appeal is DISMISSED.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] See Daytona Migi of Jacksonville, Inc. v. Daytona Automotive Fiberglass, Inc., 388 So.2d 228 (Fla. 5th DCA 1980).
[2] The precise language was:

* * * * * *
"2. Plaintiff's Motion for Corrected Order, Rehearing and Explicit Finding of Fact is denied."
* * * * * *
[3] The thirtieth day fell on February 28, 1982, a Sunday, and the notice was filed March 1, 1982, the next day.