476 So.2d 247 (1985)
Victor SZTEINBAUM and Bella Szteinbaum, Appellants,
v.
KAES INVERSIONES y VALORES, C.A., Appellee.
No. 84-1184.
District Court of Appeal of Florida, Third District.
September 24, 1985.
Lisa Bennett and Richard Bennett, Coral Gables, for appellants.
Simson Unterberger, Tampa, for appellee.
Before DANIEL S. PEARSON and FERGUSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The question on this appeal is whether a complaint filed by a non-attorney on behalf of a corporation may be amended to cure this deficiency. We decide that such a complaint may be amended and affirm the order under review.
The plaintiff corporation, Kaes Inversiones y Valores, C.A., sued Szteinbaum. The corporation's complaint and summons were personally served on the defendant. The defendant moved to quash service of process and dismiss the complaint on the ground, inter alia, that it did not appear from the complaint that the corporate plaintiff was represented by an attorney. *248 The trial court granted the motion to dismiss with leave to amend. The corporate plaintiff filed an amended complaint signed by an attorney and served it on Szteinbaum's attorney by mail. Szteinbaum again moved to dismiss contending now that because the original complaint was a nullity, it was necessary that the amended complaint be personally served upon him.[1] The trial court denied the motion, and this appeal followed.
It is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney. Nicholson Supply Co. v. First Federal Savings & Loan Association of Hardee County, 184 So.2d 438 (Fla. 2d DCA 1966). Courts have reflexively applied this common law rule prohibiting the unauthorized practice of law and have offered three primary justifications in support of it. First, because a corporation is a "hydra-headed entity and its shareholders are insulated from personal responsibility," there must be one designated spokesperson accountable to the court. Oahu Plumbing and Sheet Metal, Ltd. v. Kona Construction, Inc., 60 Hawaii 372, 377-78, 590 P.2d 570, 574 (1979) (citing Austrian, Lance & Stewart, P.C. v. Hastings Properties, Inc., 87 Misc.2d 25, 27, 385 N.Y.S.2d 466, 467 (Sup.Ct. 1976)). Second, "[u]nlike lay agents of corporations, attorneys are subject to professional rules of conduct and thus amenable to disciplinary action by the court for violations of ethical standards." Oahu Plumbing and Sheet Metal, Ltd. v. Kona Construction, Inc., 590 P.2d at 574 (citing Merco Construction Engineers, Inc. v. Municipal Court, 21 Cal.3d 724, 727, 581 P.2d 636, 641, 147 Cal. Rptr. 631, 636 (1978) (in bank)). Third, attorneys purportedly have the legal skills necessary to competently participate in litigation and other proceedings. Oahu Plumbing and Sheet Metal, Ltd. v. Kona Construction, Inc., 590 P.2d at 575.[2]See also State ex rel. Western Parks v. Bartholomew County Court, 270 Ind. 41, 44-5, 383 N.E.2d 290, 293 (1978) (when corporate agents are not attorneys, "a lack of legal expertise combined with a failure to maintain a proper chain of communication between the agents at each level of the action may act to frustrate the continuity, clarity and adversity which the judicial process demands"); Land Management, Inc. v. Department of Environmental Protection, 368 A.2d 602, 603 (Me. 1977) ("To allow a corporation to maintain litigation and appear in court represented by corporate officers or agents only would lay open the gates to the practice of law for entry to those corporate officers or agents who have not been qualified to practice law and who are not amenable to the general discipline of the court.") (citing Union Savings Ass'n v. Homeowners Aid, Inc., 23 Ohio St.2d 60, 64, 262 N.E.2d 558, 561 (1970)). Since there can be little doubt that the act of filing a complaint constitutes the practice of law, compare Chicago Bar Association v. Quinlan and Tyson, Inc., 34 Ill.2d 116, 214 N.E.2d 771 (1966) (real estate broker may fill in usual form of earnest money contract which involves merely supplying factual data without committing unauthorized practice of law), with Housing Authority of County of Cook v. Tonsul, 115 Ill. App.3d 739, 75 Ill.Dec. 369, 450 N.E.2d 1248 (1983) (filling out forcible entry and detainer complaint constitutes the unauthorized practice of law), and the corporate plaintiff, not being an attorney, did thus engage in the unauthorized practice of law, our inquiry will turn to whether the product of that unauthorized practice  the complaint  must therefore be treated as a nullity.
In Nicholson Supply Co. v. First Federal Savings & Loan Association of Hardee County, 184 So.2d 438, the Second *249 District held that a complaint filed by a corporation which did not bear the signature of an attorney is a nullity which, thus defined, cannot be saved by a later amendment affixing the attorney's signature. In our view, Nicholson, with which our holding today directly conflicts,[3] was wrongly decided.[4],[5]
As this court declared in Puga v. Suave Shoe Corp., 417 So.2d 678, 679 (Fla. 3d DCA 1981) (en banc), public policy dictates that, whenever possible, cases "should be determined on their merits, instead of upon irrelevant technicalities." Thus, dismissal of the amended complaint in the present case in derogation of this "welcome policy," Puga v. Suave Shoe Corp., 417 So.2d at 679, is warranted only if it can be said that treating the defect of the initial complaint as incurable will somehow substantially advance some other more compelling public policy.
To be sure, the "protection of the public from incompetent, unethical, or irresponsible representation," The Florida Bar v. Moses, 380 So.2d 412, 417 (Fla. 1980), through the prevention of the unauthorized *250 practice of law is a compelling public policy. We suggest, however, that this latter policy is not served by a rule of law that declares that a complaint filed by a non-attorney on behalf of a corporation cannot be cured by the later appearance of counsel to represent the corporation and, moreover, that such a rule of law disserves the policy that cases should be decided on their merits. Where, as here, the representation of the plaintiff corporation, confined as it was to the filing of the complaint, was brief, minimal and essentially innocuous,[6] the unauthorized practice of law was adequately curtailed by the trial judge's eminently sensible decision to allow an attorney to appear for the corporation and thereby amend the complaint. Moreover, given the liberal rules of amendment in this state, see, e.g., Alvarez v. DeAguirre, 395 So.2d 213 (Fla. 3d DCA 1981), the filing of a complaint by a non-lawyer will rarely, if ever, permanently prejudice the plaintiff corporation, since once the corporation has been given leave to obtain counsel, such counsel will likely be permitted to amend the complaint as necessary. Indeed, prohibiting amendment and dismissing as a nullity the complaint would yield the ironic result of prejudicing the constituents of the corporation, the very people sought to be protected by the rule against the unauthorized practice of law.
Several courts have concluded that a dismissal without leave to amend is an unduly harsh result where the defect of the complaint is that it was filed by a non-attorney on behalf of another. For example, in Kasharian v. Wilentz, 93 N.J. Super. 479, 226 A.2d 437 (App.Div. 1967), the court stressed that non-lawyers should not be permitted to conduct legal proceedings, but nonetheless allowed an appeal filed by the decedent's father as administrator ad proscequendum to continue in order to provide time for the administrator to engage counsel. Similarly, in Owens v. Bank of Brewton, 53 Ala.App. 529, 302 So.2d 114 (Civ. App. 1974), the court refused to dismiss an appeal taken by an attorney who, at the time of filing, had not purchased an occupational license required of all attorneys.[7] It concluded that the "[f]ailure to purchase a license to practice as required by statute is a possible criminal violation by the one so failing, but such violation should not serve to punish the appellants by dismissal of their appeal." Id. 302 So.2d at 117. See also Aarrow Ambulance v. Davis, 16 Ill. App.3d 318, 306 N.E.2d 363 (1974); Rader v. Snyder, 3 W. Va. 413 (1869) (holding that fact that counsel was not qualified to practice law did not justify dismissal of the action, though attorney in error should suffer punishment imposed by law); Annot. 7 A.L.R.4th 1146 (1981), Right of Party Litigant To Defend or Counterclaim on Ground That Opposing Party or His Attorney Is Engaged in Unauthorized Practice of Law. In short, only unquestioning adherence to the rigid mechanistic rule of Nicholson would require the draconian measure of nullifying a complaint filed by a non-attorney on behalf of a corporation.
That the rule against the unauthorized practice of law must yield to the strong public policy in favor of having cases decided on the merits has likewise been recognized in cases dealing with entry of defaults (or the setting aside of defaults where the default had already been entered) where a non-attorney appeared on behalf of a corporation rendering defective any defensive pleading. For example, in Starrett v. Shepard, 606 P.2d 1247 (Wyo. 1980), the court held that the trial judge did not abuse his discretion in not granting the plaintiff's motion for a default judgment despite the fact that a non-lawyer corporate agent represented the defendant corporation. *251 The court acknowledged that "[p]leadings filed in actions taken by a non-lawyer corporate officer in a legal action are subject to be stricken or held to be a nullity; and there may be cases in which the entry of a default judgment against a corporation may be justified on the ground that the corporation was improperly represented in the action by a non-lawyer corporate officer, but such is not justified in a case such as this, wherein the representation was very limited." Id. at 1253. The court added that the record did not reflect that the representation occurred with knowledge of its impropriety and that the improper representation "was followed within a reasonable time by proper representation through an attorney admitted to practice before the court, and the other party was not substantially prejudiced thereby." Id. at 1253-54. In so concluding, the Starrett court, like the court in Niklaus v. Abel Construction Co., 164 Neb. 842, 83 N.W.2d 904 (1957), considered the extent of the non-lawyer's participation in the case and concluded that where a non-lawyer's participation was minimal, the justifications for dismissal are few. In Lincoln American Life Insurance v. Parris, 390 So.2d 148 (Fla. 1st DCA 1980), the court held that a default, entered because the answer was signed by an attorney not admitted to practice in Florida, would be considered the result of excusable neglect in view of the shortness of time available to arrange for in-state counsel and the out-of-state attorney's apparent intention to secure in-state counsel for further appearances. See also Ramada Inns, Inc. v. Lane and Bird Advertising, Inc., 102 Ariz. 127, 426 P.2d 395 (1967); Lefkowitz v. Therapeutic Hypnosis, Inc., 52 A.D.2d 1017, 383 N.Y.S.2d 868 (1976).
While the decisions pertaining to defaults differ analytically from decisions pertaining to complaints filed by non-attorneys on behalf of corporations, the same factors persuading courts to find excusable neglect in default cases persuade us to conclude, as did the court below, that the complaint herein filed by a non-attorney was capable of being amended.[8] As in the Starrett case, where the court pointed out that "[t]he record does not reflect that the representation was made with knowledge of its impropriety ...," id. at 1253, the record in the present case does not indicate that the corporate plaintiff proceeded with knowledge of the impropriety of his actions.[9] And, as in Starrett, where "the other party was not substantially prejudiced" by the corporation's initial lay representation, id. at 1254, there is no evidence *252 in the present case to suggest that the defendant was at all prejudiced by the corporation's improper representation.
Finally, we turn briefly to Great Southern Trucking Co. v. Standard Wholesale Grocery Co., 110 So.2d 507 (Fla. 3d DCA 1959), in which this court held that an appeal commenced by a notice signed by an out-of-state attorney on behalf of a corporation was subject to dismissal, unless within a prescribed period of time Florida counsel appeared or the out-of-state attorney moved for an order permitting representation. Obviously, implicit in that ruling is that this or a like deficiency in a notice of appeal is not fatal. See also Magnolias Nursing and Convalescent Center v. Department of Health and Rehabilitative Services, Office of Licensure and Certification, 428 So.2d 256 (Fla. 1st DCA 1982), rev. denied, 449 So.2d 265 (Fla. 1984) (in dicta, adopting same view as third district in Great Southern Trucking Co.).[10]But see Daytona Migi Corp. v. Daytona Automotive Fiberglass, Inc., 417 So.2d 272 (Fla. 5th DCA 1982) (dismissing appeal on other grounds but noting in dicta, without discussion, that appeal would have been dismissed on ground that notice of appeal filed on behalf of corporation by non-attorney corporate officer is a nullity and of no effect). A fortiori, this same deficiency in a complaint is not fatal.[11]
We therefore conclude that the defect of the complaint herein was curable and indeed cured by the later appearance in the action of the plaintiff corporation's attorney. The draconian sanction of dismissal without leave to amend is unduly harsh in light of the prejudice to the unwary corporate constituents and the total lack of prejudice to the defendant. Nor does such a sanction discourage non-lawyers against whom it is directed from the unauthorized practice of law, since no person who is aware of the impropriety would commit the offense. And, as we have repeatedly noted, dismissal without leave to amend contravenes the "welcome policy" of adjudicating cases on the merits rather than on procedural niceties and advances no countervailing public policy. Finally, given the liberal rules of amendment in this state, the filing of a complaint by a non-lawyer will rarely, if ever, permanently harm the plaintiff corporation, since, after being given leave to obtain counsel, such counsel will likely be permitted to amend and correct the original complaint as necessary.
As in the default cases, the decision of whether to dismiss a complaint without leave to amend should be controlled by considerations of the fault and diligence of the plaintiff corporation and the prejudice to the defendant as they appear in the individual case. In the present case, there is no indication that the errant complaint prejudiced the defendant in any way or that the plaintiff corporation acted with knowledge that it was improper for it, without counsel, to prepare and file the initial complaint. On the other hand, there is strong indication that the plaintiff corporation acted with diligence in immediately obtaining counsel after being given leave to do so. Under these circumstances, we conclude that the order under review is correct in all respects and it is
Affirmed.
NOTES
[1] The defendant does not suggest that personal service of an amended complaint is required where the original complaint is dismissed as defective.
[2] As one court said, "[i]f, as Alexander Pope wrote, `a little learning is a dangerous thing,' then a little learning in the law is particularly perilous." Ginn v. Farley, 43 Md. App. 229, 403 A.2d 858, 859 (1979) (citing Pope, A., "Essay on Criticism," Part II, 1.15).
[3] While other cases have cited Nicholson with approval, their approval is solely of Nicholson's announced proposition, with which we too agree, that a corporation cannot represent itself. None of these cases reach Nicholson's draconian result that a complaint filed by a non-attorney on behalf of a corporation cannot forestall, through subsequent amendment, the running of a limitations period for beginning the action. For example, in Quinn v. Housing Authority of Orlando, 385 So.2d 1167 (Fla.5th DCA 1980), the court merely reversed a summary judgment entered in favor of the improperly represented plaintiff corporation and ordered that the defendants' motion to dismiss be granted without prejudice. Likewise, in Southeastern Associates, Inc. v. First Georgia Bank, 362 So.2d 967 (Fla. 1st DCA 1978), the court merely affirmed the trial court's ruling prohibiting the sole shareholder of the defendant corporation from conducting the defense. See also Angelini v. Mobile Home Village, Inc., 310 So.2d 776 (Fla. 1st DCA 1975) (noting that although question of improper representation not raised by parties, answer filed by corporate defendant not represented by an attorney defective under Nicholson). Cases involving the filing of notices of appeal by non-attorneys are, as will be seen infra, entirely distinguishable.

It is arguable that this court's decision in Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980) (citing Nicholson and treating as a nullity response filed by a non-attorney on behalf of a defendant and thus permitting the defendant himself to claim that he had not appeared in the action and that the court lacked in personam jurisdiction over him), is the quintessential holding that a pleading filed by a non-attorney is ineffective for any purpose and thus mandates a holding here that such a pleading is not amendable. But the present case, unlike Gelkop and precisely like Nicholson, involves the discrete question of whether a complaint, although itself ineffective, will nonetheless be subject to amendment.
[4] In addition to the reasons set forth in the body of this opinion, we think that Nicholson was wrong when it declared that the then existing Florida Rule of Civil Procedure 1.5 compelled the conclusion that a pleading signed by a non-attorney was a nullity. Former Rule 1.5, the forerunner of Florida Rule of Judicial Administration 2.060, required that "[e]very pleading of a party represented by an attorney shall be signed by at least one attorney of record... ." The Rule, as the current Rule of Judicial Administration, went on to state that "[i]f a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading had not been served." (emphasis supplied). Thus, neither the current Florida Rule of Judicial Administration 2.060(d), nor the Florida Rules of Civil Procedure in effect at the time of the Nicholson case mandate that complaints improperly filed by non-attorneys be stricken. The fact that the rules permit such errant pleadings to stand demonstrates that the holding of Nicholson that such an improper pleading should be stricken as a nullity necessarily is bottomed on the common law proscription against corporations representing themselves pro se rather than any governing rule or statute.
[5] We must, however, reject the plaintiff corporation's argument that the Florida Supreme Court's enactment of Florida Rule of Summary Procedure [now known as Small Claims Rule] 7.050(a)(2) (permitting corporations to appear pro se), subsequent to the decision in Nicholson, was an implicit rejection of Nicholson, and therefore, the complaint in the instant case cannot be dismissed as a nullity. As the Hawaii Supreme Court pointed out in Oahu Plumbing and Sheet Metal, Ltd. v. Kona Construction, Inc., 60 Hawaii 372, 590 P.2d 570, 575 (1979), corporations can appear without an attorney in such summary proceedings precisely because such proceedings involve "virtually no rules of evidence and far fewer rules of procedure" than in higher trial courts, and hence, no attorney is necessary in such proceedings. Thus, Nicholson is not, in our view, overruled by Florida Rule of Summary Procedure 7.050(a)(2).
[6] Where, however, a court can conclude that the nature of the non-lawyer's activity "was not casual but [was] persistent and continuous," the drastic remedy of nullifying the non-attorney's previous acts may, of course, be employed. See, e.g., Niklaus v. Abel Construction Co., 164 Neb. 842, 851-53, 83 N.W.2d 904, 911 (1957).
[7] The court noted that several years before the appeal, the attorney for the appellant had been admitted to practice in Alabama and later became associated with a Florida law firm, and that after appellee moved to dismiss the appeal, the attorney purchased the required license.
[8] Of course, the inquiry of the present case is limited to what ought to occur when a non-attorney purports to represent a corporation in a court of law. A distinct but analogous inquiry is what ought to occur when the corporation itself lacks the legal capacity to properly bring suit. The answer to this latter inquiry is that in general, corporations lacking the ability to bring suit, due to a temporary impediment, have been given leave to remove the impediment. See Town of Davie v. Hartline, 199 So.2d 280 (Fla. 1967) (where a corporate plaintiff paid its delinquent taxes during the pendency of the suit, but before final disposition of the suit, there was no occasion to dismiss); Industrial National Mortgage Company v. Blake, 406 So.2d 103 (Fla. 3d DCA 1981) (in suit brought by a corporation to contest tax assessments, corporate plaintiff which failed to file old reports and taxes given leave to do so and would be dismissed only if the errant corporation failed to file its overdue reports and pay its back taxes within a reasonable period of time); Ambassador Insurance Company v. Highlands General Hospital, 383 So.2d 254 (Fla. 2d DCA 1980) (corporation doing business in Florida which was not registered with the Department of State granted leave to qualify with the Department rather than being dismissed out of court); Clifford Ragsdale, Inc. v. Morganti, Inc., 356 So.2d 1321 (Fla. 4th DCA), cert. denied, 362 So.2d 1051 (Fla. 1978) (corporation given leave to comply with fictitious name statute, but action eventually dismissed since corporation took too long to comply with statute). Thus, in cases where the entity, rather than the representative of the entity, lacks the capacity to bring suit, Florida courts have not dismissed the corporation's pleadings and treated them as a nullity, but have granted the corporation leave to remove pending impediments. Although the rule pertaining to the unauthorized practice of law is not implicated by these holdings, the policy that cases be decided on their merits surely is.
[9] It seems safe to assume that no Florida corporation would knowingly proceed improperly given the harshness of the Nicholson dismissal rule.
[10] Because Magnolias was an administrative appeal under Chapter 120 of the Florida Statutes, which expressly provides that a corporation can represent itself in such proceedings, the notice of appeal filed by the corporation without counsel was not deficient. See Frank Edelen Buick Co. v. Calvin, 389 So.2d 649 (Fla. 1st DCA 1980).
[11] While dictum in North Miami General Hospital, Inc. v. Plaza, 425 So.2d 1140, 1141 n. 1 (Fla. 3d DCA 1982), might suggest that the continued viability of Great Southern is in jeopardy, even the demise of Great Southern would have no effect on the outcome of the present case. A valid notice of appeal, unlike a complaint, is a prerequisite to vesting the court with jurisdiction.