LISA FRUIN, Plaintiff-Appellant, v. NORTHWESTERN MEDICAL FACULTY FOUNDATION, INC., *et al.*, Defendants-Appellees.

First District (6th Division) No. 1—89—0663

Opinion filed February 23, 1990.—Rehearing denied April 3, 1990.

Kenneth C. Chessick and John W. Fisk, both of Schaumburg, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Joan S. Cherry, Myra J. Brown, and Helen Haynes, Assistant State's Attorneys, of counsel), for appellee Robert A. Miller.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Maxwell W. Griffin, and Bruce L. Carmen, of counsel), for appellee Arthur De Boer.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Lisa Fruin, appeals from the order of the circuit court of Cook County dismissing with prejudice her complaint against defendants, Arthur DeBoer, M.D., S.C., Arthur DeBoer, M.D., and Robert A. Miller, M.D. The basis of the dismissal was that the complaint was signed and filed by an attorney who was not licensed to practice in Illinois.

Plaintiff's appeal arises from the following undisputed facts. On January 11, 1984, plaintiff underwent a surgical procedure for the implantation of a prosthetic aortic valve. The surgery was performed by Dr. DeBoer, and plaintiff was seen and treated by both Drs. DeBoer and Miller for post-operative care and examinations from January 21, 1984, through March 5, 1984. On March 27, 1985, plaintiff underwent emergency open-heart surgery.

On March 27, 1987, plaintiff filed a complaint alleging medical malpractice against Drs. DeBoer, Miller, and the Northwestern Medical Faculty Foundation. (Northwestern Medical has also been dismissed from the case but is not involved in this appeal.) Plaintiff's complaint alleged that Drs. DeBoer and Miller failed to prescribe an appropriate anticoagulation regime for plaintiff, and that this failure led to medical problems resulting in the required emergency open-heart surgery. Plaintiff further alleged that the first time she knew or should have known that she should have maintained an anticoagulation regime was on or about April 1, 1985. Thus, her complaint was filed four days before the expiration of the applicable statute of limitations. See Ill. Rev. Stat. 1985, ch. 110, par. 13—212.

The complaint was signed and filed by Michael J. Colgan, an attorney licensed in Wisconsin, but not in Illinois. Colgan consulted with an Illinois law firm, and that firm prepared the initial pleadings. On August 17, 1987, after the statute of limitations had run, a supplemental appearance was filed on plaintiff's behalf by Kenneth C.

Chessick, a licensed Illinois attorney. On January 6, 1988, Drs. De-Boer and Miller were served by alias summons. They filed a motion to dismiss, and on February 6, 1989, the trial court granted the motion to dismiss with prejudice.

Plaintiff alleges that the unique circumstances of her case require this court to reverse the trial court's order of dismissal. Plaintiff notes that she did not know that Colgan was not licensed to practice in Illinois. Further, she points out that Colgan made reasonable and diligent efforts to secure the participation of Illinois counsel, and that she secured such participation by the entry of the supplemental appearance of licensed Illinois counsel. Finally, she observes that defendants have not suffered any prejudice as a result of the filing of the complaint by an attorney not licensed to practice in Illinois.

■ Absent leave of court pursuant to Supreme Court Rule 707, an attorney licensed to practice law in another State may not practice law in Illinois. (*Lozoff v. Shore Heights, Ltd.* (1976), 35 Ill. App. 3d 697, 342 N.E.2d 475; 107 Ill. 2d R. 707.) Generally, a pleading signed by a person not licensed to practice in Illinois is a nullity. (*Marken Real Estate & Management Corp. v. Adams* (1977), 56 Ill. App. 3d 426, 371 N.E.2d 1192; *National Bank v. First Wisconsin National Bank* (1977), 53 Ill. App. 3d 482, 368 N.E.2d 119; *Leonard v. Walsh* (1966), 73 Ill. App. 2d 45, 220 N.E.2d 57.) This rule applies even when subsequent court appearances are made by a duly licensed attorney. *Housing Authority v. Tonsul* (1983), 115 Ill. App. 3d 739, 450 N.E.2d 1248; *Marken Real Estate & Management Corp. v. Adams*, 56 Ill. App. 3d 426, 371 N.E.2d 1192.

Plaintiff notes, however, that this court fashioned an exception to the general rule in *Janiczek v. Dover Management Co.* (1985), 134 Ill. App. 3d 543, 481 N.E.2d 25. Plaintiff urges this court to extend its holding in *Janiczek* to encompass the situation here. In *Janiczek*, the plaintiff retained an Illinois licensed attorney to handle a workers' compensation action and a personal injury claim. The attorney settled the workers' compensation action and subsequently was disbarred. He then filed the plaintiff's personal injury action, under the name of another attorney, without authorization to do so. This court held that the plaintiff's case should not have been dismissed because plaintiff initially had retained an Illinois licensed attorney, and unbeknownst to plaintiff, that attorney was later disbarred. Significantly, the court did not question the reasoning or the results of those cases holding that proceedings instituted by nonattorneys or nonlicensed attorneys are void. Rather, the *Janiczek* court relied upon the unique circumstances of that case in deviating from the rule voiding proceedings

instituted by nonattorneys.

 In our view, this case does not present unique circumstances which would justify a similar deviation from the rule. Unlike the plaintiff in *Janiczek*, who hired an Illinois attorney, with offices in Illinois, plaintiff here hired a Wisconsin attorney, with offices in Wisconsin. Accordingly, plaintiff should have inquired into his ability to practice law in Illinois. Her failure to do so, while unfortunate, is not reason enough to permit a relaxation of the rules regarding the unauthorized practice of law. Similarly, Colgan's failure to ensure that he obtained the necessary authorization to practice in another State cannot justify a deviation from that State's rules.

Accordingly, we find that the trial court properly dismissed plaintiff's complaint with prejudice. The court correctly concluded that the complaint was a nullity and, therefore, that no subsequent complaint could satisfy the applicable statute of limitations.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LaPORTA, P.J., and RAKOWSKI, J., concur.