CONSTANCE McEVERS *et al.*, Plaintiffs-Appellants, v. JEFFREY STOUT, Defendant-Appellee.

Fourth District   No. 4—91—0054

Opinion filed September 6, 1991.

Edward Booth, of Booth & Little, of Decatur, for appellants.

Hinshaw & Culbertson, of Chicago (D. Kendall Griffith and Paul C. Estes, of counsel), for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Plaintiffs Constance McEvers and James McEvers appeal from the December 17, 1990, order of the circuit court of McLean County dismissing with prejudice the plaintiffs' complaint against defendant Jeffrey Stout. The original and the amended complaints alleged medical malpractice.

The original complaint was filed on August 2, 1989, and was filed on behalf of plaintiffs by Wisconsin attorney Mark Seidl, who was not licensed to practice law in the State of Illinois. The wrongful act alleged in the complaint occurred on August 18, 1987, which would result in the expiration of the statute of limitations on August 18, 1989. The trial court eventually held the initial filing was a nullity because it was filed under the signature of an attorney not licensed to practice law in the State of Illinois.

After the original complaint was filed, counsel for defendant corresponded with Seidl and, on October 10, 1989, entered their appearance for defendant, requesting a jury trial. The discovery process began and, on November 2, 1989, Seidl filed an amended complaint, sending a copy of the complaint to the attorneys for defendant. Defendant's answer to the amended complaint was filed on November 8, 1989, and a copy of the answer was mailed to Seidl. Defendant's discovery process commenced soon thereafter.

On February 23, 1990, Gary B. Pasek, an attorney licensed to practice law in Illinois, filed proof of delivery of documents to the defendant and listed himself as attorney for plaintiffs. On March 2, 1990, Pasek's motion to be substituted as plaintiffs' counsel was filed, and the motion was allowed on March 5, 1990.

On June 1, 1990, defense counsel filed a motion "pursuant to Illinois Code of Civil Procedure §2—615" (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), requesting dismissal of plaintiffs' complaint because it was barred by the statute of limitations. The motion stated the complaint filed by Seidl was a nullity, citing as authority *Fruin v. Northwestern Medical Faculty Foundation, Inc.* (1990), 194 Ill. App. 3d 1061, 551 N.E.2d 1010.

Defendant was subsequently allowed to withdraw his answer and file a motion to dismiss, pursuant to section 2—619(a)(5) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5)), asking for the same relief requested in the June 1, 1990, motion. The order of dismissal followed.

■ The facts in *Fruin* are similar to those in the present case, with the exception that here defendant entered his appearance and filed an answer prior to filing the motion to dismiss. The *Fruin* opinion states, "Generally, a pleading signed by a person not licensed to practice in Illinois is a nullity." *Fruin*, 194 Ill. App. 3d at 1063, 551 N.E.2d at 1011.

The plaintiffs in the present case, as did the plaintiff in *Fruin*, argue that the exception to the general rule set forth in *Janiczek v. Dover Management Co.* (1985), 134 Ill. App. 3d 543, 481 N.E.2d 25, should apply. The court in *Fruin* rejected this argument. Unless we are prepared to rule contrary to *Fruin*, we must also reject the *Janiczek* argument.

Due to the harshness of the result of the dismissal in the present case, we have critically examined the decision in *Fruin*. In doing so, we have examined the cases cited therein and recognize that most dealt with voiding judgments and involved corporations being represented by nonlawyers. In *Leonard v. Walsh* (1966), 73 Ill. App. 2d 45, 220 N.E.2d 57 (a Fourth District Appellate Court case cited in *Fruin*), a collection agent, not an attorney licensed to practice law in Illinois, supposedly serving as the creditor's agent, filed the action. The judgment in that case was held to be void. *Fruin* is the only Illinois case cited by either plaintiffs or defendant which involves an out-of-State attorney filing in Illinois civil proceedings.

■ The *Janiczek* decision sets forth the rule, "Under Illinois law, a person is privileged to appear in court on his own behalf, but he has no such privilege or authority to represent other persons unless he is admitted to the practice of law." (*Janiczek*, 134 Ill. App. 3d at 545, 481 N.E.2d at 26.) The opinion also stated justification for the rule:

> "That rule is intended to protect litigants against the mistakes of the ignorant and the schemes of the unscrupulous and to protect the court itself in the administration of its proceedings from those lacking the requisite skills. (*City of Chicago v. Witvoet* (1973), 12 Ill. App. 3d 654, 655-56, 299 N.E.2d 128.)" *Janiczek*, 134 Ill. App. 3d at 546, 481 N.E.2d at 27.

While the words "ignorant" and "schemes" do not apply in the present case, we recognize, due to the different procedural and evidentiary requirements of the various States, that there is good reason to restrict the practice in Illinois to those persons licensed by

our supreme court. However, we find the *Fruin* rule provides a result that is too harsh.

■ Our supreme court has adopted Rule 707 (134 Ill. 2d R. 707), which allows Illinois courts, in their discretion, to permit attorneys "from any other jurisdiction in the United States, or foreign country *** to participate before the court in the trial or argument of any particular cause." This rule recognizes that attorneys not licensed in Illinois may well have the requisite expertise to practice in specific cases. Lawyers practicing in Illinois without an Illinois license are subject to the contempt powers of our courts. (Ill. Rev. Stat. 1989, ch. 13, par. 1.) In light of the relative ease with which an out-of-State attorney may obtain permission for limited practice in Illinois and the existence of the contempt powers, we find unnecessary injustice will occur if we follow the *Fruin* decision.

■ Underlying our decision is the recognition that a nullity rule appears to punish the litigant rather than the offending attorney. This might be advisable, if we could legitimately assume that litigants are aware of the rules relating to the practice of law. Assuming such would be unreasonable. The suggestion that plaintiffs should have known of attorney Seidl's problem with practicing in Illinois is somewhat ludicrous, in light of the fact that defense counsel evidently did not recognize the problem for more than six months after the complaint was filed. The contempt powers provided for the proper placement of penalty. The nullity rule results in an improper placement of that penalty.

We conclude that the filing was not a nullity, and plaintiffs should now be allowed to file an amended complaint signed either by them or by their Illinois attorney.

Reversed and remanded.

SPITZ and STEIGMANN, JJ., concur.