658 So.2d 1026 (1995)
TELEPOWER COMMUNICATIONS, INC.; Steven L. Phillips and Karen A. Phillips, Appellants,
v.
LTI VEHICLE LEASING CORP., Appellee.
No. 95-0023.
District Court of Appeal of Florida, Fourth District.
February 8, 1995.
Steven L. Phillips and Karen A. Phillips, pro se appellants.
James E. Copeland, Palm Beach Gardens, for appellee.

ON SUA SPONTE MOTION TO DISMISS
FARMER, Judge.
It appears to the court that the notice of appeal on behalf of appellant Telepower Communications, Inc., [the corporation] was not signed by an attorney but instead by one Steven L. Phillips, who was a codefendant with the corporation in the litigation below. The relationship of Phillips to the corporation is not described in the papers before us, except that the corporation was the lessee and primary obligor of the obligation that was the subject of the suit, while Phillips was one of two guarantors of the corporate obligation. The issue before the court is how to treat a notice of appeal in the name of a corporate appellant signed by a non-lawyer officer, director, employee or agent, but not signed by an attorney licensed to practice law.
Ordinarily we indulge some liberality in correcting such technical deficiencies and thus permit a prompt amendment to cure the deficiency. See Fla.R.App.P. 9.040(d).[1] On the other hand, however, the suggestion is often made that such a writing as we confront today is a legal nullity, ineffective for any purpose, as to which we can only dismiss the entirely nugatory effort to appeal. Of course, because the timely filing of a notice of appeal is a jurisdictional prerequisite to any *1027 attempted appeal, a dismissal would effectively end any appeal on behalf of this corporation. Because this is not an isolated instance, and attempted appeals by corporations without attorneys are often encountered in this court, we have decided to use this occasion to make clear the policy of this court in responding to such attempts.[2]
The reasons supporting the policy that corporations must be represented in court by attorneys are fully and thoughtfully explored in Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247 (Fla. 3d DCA 1985), and we see no need to restate them here. The question is whether to treat a corporate notice of appeal not signed by an attorney as a complete nullity without the possibility of a curative amendment, on the one hand, or instead as voidable if not cured within some specified time. We opt, like the Third District, for the latter. See Szteinbaum, 476 So.2d at 252, and Great Southern Trucking Co. v. Standard Wholesale Grocery Co., 110 So.2d 507 (Fla. 3d DCA 1959); see also Magnolias Nursing and Convalescent Center v. Dept. of Health and Rehabilitative Services, 428 So.2d 256 (Fla. 1st DCA 1982) (notice of appeal from final agency action by unrepresented corporation not incurable), rev. denied, 449 So.2d 265 (Fla. 1984). But see Daytona Migi Corp. v. Daytona Automotive Fiberglass Inc., 417 So.2d 272 (Fla. 5th DCA 1982) (in dicta, notice of appeal by unrepresented corporation would have been dismissed if case were not dismissed on other grounds).
Accordingly, we hold that this appeal will be dismissed as to Telepower Communications, Inc., unless within 20 days of the date of this opinion the corporation files with the Clerk of this court an amended notice of appeal signed by an attorney authorized to practice law.
HERSEY and POLEN, JJ., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.040(d) provides: "At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties."
[2] Our previous decision in Hub Financial Corporation v. Olmetti, 465 So.2d 618 (Fla. 4th DCA 1985), does not address the issue of notices of appeal by an unrepresented corporation; it merely states the general rule that "a corporation cannot represent itself" in connection with proceedings in the trial court. 465 So.2d at 619.