HARRIS, J.
The underlying issue in this appeal is whether a complaint filed by an attorney not authorized to practice law in Florida is a nullity and thus not correctable by amendment adding the name of an authorized lawyer, or is it merely an unauthorized filing that is validated upon entry into the case of a lawyer authorized to practice in this state. In this case, a Michigan lawyer, not authorized to practice in *749 Florida although a member of his firm was,[1] filed a medical malpractice action against various doctors and a hospital. The trial court dismissed the action finding that the filing of the complaint by a non-authorized person was a nullity not subject to correction and dismissed the action without prejudice. Apparently the statute of limitations may have run and hence this appeal.
The action of the trial court is consistent with the opinion of this court in Quinn v. Housing Authority of Orlando, 385 So.2d 1167 (Fla. 5th DCA 1980), in which this court held that a filing by a non-attorney employee was void and that the action should be dismissed without prejudice. We held substantially the same in Daytona Migi Corp. v. Daytona Automotive Fiberglass Inc., 417 So.2d 272 (Fla. 5th DCA 1982) (filing of a notice of appeal by a non-lawyer is a nullity and the appeal must be dismissed). In Daytona Migi we cited with approval Nicholson Supply Co. v. First Federal Sav. & Loan Ass’n of Hardee County, 184 So.2d 438 (Fla. 2d DCA 1966), which denied a petition to amend a complaint not properly signed by a lawyer by adding the signature of an authorized lawyer. The court held that the complaint was a nullity.
Because we are bound by the precedent of this court, an affirmance of the dismissal is required. Therefore, the cross-appeal concerning the total lack of plaintiffs compliance with the statutory presuit screening requirement, even after a second notice to do so, is of interest only because it points out the wisdom of rule 2.060(b), Florida Rules of Judicial Administration, which provides: “Attorneys of other states shall not engage in a general practice in Florida unless they are members of The Florida Bar in good standing.”
The trial court’s decision to dismiss the action without prejudice is also consistent with rule 2.060(d), Florida Rules of Judicial Administration, which provides that if a pleading is not signed (and we construe the signature of an unauthorized person as no signature at all), such pleading “may be stricken and the action may proceed as though the pleading or other paper had not been served.” That is exactly what the trial court did in this case.
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.

. It is a lawyer who has passed The Florida Bar examination that is authorized to practice in this state, not every lawyer in the firm with which he is connected. This case shows why.