HARRIS, C.M., Senior Judge.
This lingering litigation[1] came to a head when one of the attorneys of record elected to withdraw. Appellant’s action was originally filed by a California attorney unauthorized to practice in Florida but who had appropriate Florida counsel to assist. The problem arose when the Florida attorney became frustrated with the pace of litigation and moved to withdraw.
The Florida attorney, the California attorney, and the defense attorney entered into a stipulation agreeing to the withdrawal, but stipulating that the Florida attorney would be replaced and a third amended complaint would be filed within thirty days of the order approving the stipulation. It was also agreed that if the complaint was not timely filed, the action would be dismissed with prejudice.
A copy of the order was sent to an outdated address for the California attorney [2] and he did not get his copy until five days before the thirty days had run. The California attorney filed for an extension of time and attached a copy of a proposed third amended complaint. The defense objected to the extension and moved to strike Appellant’s application urging, among other things, that since there was no Florida attorney in the case, the pleading was a nullity. The court struck the application, finding it was “filed by a non-Florida lawyer in violation of the rules and this Court’s order and is thus a nullity.” The court then dismissed the action with prejudice. This appeal follows.
Appellant, through new Florida counsel, points out two problems with the trial court’s dismissal. First, the record does not reflect that Appellant was ever notified by either of his attorneys about the withdrawal. Second, there is no indication that the court’s order permitting the withdrawal was provided to Appellant.
In a somewhat similar case, the Florida Supreme Court emphasized that the unwary litigant should be protected:
[W]e believe that the policy of allowing cases to be decided on the merits whenever possible and the protection of litigants from the dangers associated with the unlicensed practice of law are best served by a rule of law that allows amendments of these defective pleadings without requiring the establishment of excusable neglect.
Torrey v. Leesburg Reg’l Med. Ctr., 769 So.2d 1040, 1041-42 (Fla.2000).
Although this case has proceeded very slowly during its lengthy stay in the system, it does not appear to be the fault of Appellant. Torrey requires that the court grant the amendment and allow the parties to proceed to trial on the merits.
REVERSED and REMANDED.
TORPY and EVANDER, JJ., concur.

. The action had been filed in October 2008, and a sustainable complaint had not yet been filed as of the time the action was dismissed in August 2011.

. It does not appear that the attorney had provided an updated address to the court.