(33 Misc. Rep. 691.)

## PEOPLE v. McLAUGHLIN.

(Court of General Sessions, New York County. January, 1901.)

1. INDICTMENT—CHARGE OF CRIME—PRESUMPTIONS—JUDICIAL NOTICE—LIBEL.
   Under Code Cr. Proc. § 275, requiring that an indictment shall contain a plain and concise statement of the act constituting the crime, and Code Cr. Proc. § 286, providing that "neither presumptions of law, nor matters of which judicial notice is taken, need be stated," an indictment for libel which sets out in full the publication alleged to be libelous, but does not in terms state that it had a tendency to injure the complainant in its business, is not demurrable as not charging a crime, since it may be presumed, as a matter of law, and the court may take judicial notice of the fact, that the publication had a tendency to injure the complainant in its business.

2. SAME—LIBEL—PUBLICATION—DUPLICITY—CIRCULAR—HANDBILL.
   Under Code Cr. Proc. § 278, requiring that an indictment shall charge but one crime, an indictment for libel which alleges that the libel was published in a "circular and handbill" is not bad as charging more than one crime, since, in the ordinary use of terms, "circular" and "handbill" are synonymous.

James McLaughlin was indicted for libel, and demurs to the indictment. Overruled.

Benjamin Patterson, for demurrer.

Eugene A. Philbin, Dist. Atty. (Henry W. Unger, of counsel), for the People.

FOSTER, J. The indictment herein was filed June 18, 1900, and charges the defendant with libel (Pen. Code, § 242) alleged to have been published against the Sun Printing & Publishing Company in connection with recent labor troubles. The demurrer thereto was interposed June 27, 1900, and is upon the grounds:

"First. It appears upon the face thereof that the facts stated do not constitute a crime. Second. It appears upon the face thereof that more than one

crime is charged in the indictment, within the meaning of sections 278 and 279 of the Code of Criminal Procedure."

As to the first ground: From the argument and the exhaustive and able brief submitted in support of the demurrer, it appears that the indictment is deemed demurrable because it nowhere states that the acts alleged to have been done by the defendant, and the publication, which is set forth verbatim in the indictment, are not therein and in terms stated "to have a tendency to injure the complainant in its business." Section 275 of the Code of Criminal Procedure, which provides what an indictment must contain, only requires, in addition to the title, "a plain and concise statement of the act constituting the crime, without unnecessary repetition"; and section 284 provides that an indictment shall be sufficient if it can be understood therefrom (among other things) "that the act or omission, charged as the crime, is plainly and concisely set forth, and with such a degree of certainty, as to enable the court to pronounce judgment, upon a conviction, according to the right of the case." Section 286 further provides that "neither presumptions of law, nor matters of which judicial notice is taken, need be stated." An indictment is never to be held insufficient by reason of form unless prejudicial to the substantial rights, upon the merits, of the defendant. Section 285. The function of the indictment is—First, to charge the defendant with a crime; and, second, to give the defendant notice of the precise acts constituting such crime, to the end that he may be enabled properly to defend the same. People v. Dumar, 106 N. Y. 502, 13 N. E. 325. "The publication of a libel is a wrong, and the person against whom the article is directed is presumed to have sustained damage, irrespective of the intent of the publication." People v. Sherlock (Sup.; opinion of McLaughlin, J.) 68 N. Y. Supp. 74. From "the face of the indictment," containing, as it does, the entire publication alleged to be libelous, it may be presumed, as a matter of law, and the court may take judicial notice, that the publication had a tendency to injure the complainant corporation in its business. The omission referred to may therefore properly be deemed a matter of form or presumption of law, which, as I have shown, need not be stated.

As to the second ground: It is further contended that this indictment is "bad for duplicity," and is obnoxious to section 278 of the Code of Criminal Procedure, which provides that the indictment must charge but one crime, and in one form, except when the acts complained of may constitute different crimes, and then they may be charged in separate counts. Section 279. There is but one count in this indictment, and it charges that the alleged libelous statements were contained in a "printed circular and handbill." The "duplicity" assigned, forsooth, is that "a circular is one thing, and a handbill another"; and it is contended that the indictment should contain separate counts, charging the publication in one count of a circular, and in another of a handbill. It appears that only one instrument alleged to be libelous was published. The words used in an indictment must be construed in their "usual acceptation in common language." Code Cr. Proc. § 282. The genius of our law, and the whole

tendency of modern practice, as well as the express provisions of our various Codes, overlook mere matters of form, and consider only the substance thereof. The refinements and technicalities of the common law, happily, no longer prevail. The words referred to, in their "usual acceptance in common language," are synonymous. It is frittering away time to consider the exquisite distinction which the defendant suggests. It is precisely the distinction that exists between "tweedledum and tweedledee."

For these reasons the demurrer is overruled.

Demurrer overruled.