CITY OF JACKSON v. BERRY.

(Division A.   Jan. 25, 1943.)

[11 So. (2d) 438.   No. 35236.]

**J. M. Stockton** and **W. E. Morse**, both of Jackson, for appellant.

**G. C. Clark,** of Waynesboro, **Hayden C. Covington**, of Brooklyn, N. Y., and **Roy A. Swayze**, of Arlington, Va., for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appellee, James B. Berry, was tried and convicted in the police court of the City of Jackson under an affidavit charging him with violating a city ordinance "by causing handbills to be handed out to the public and thrown on the city's streets, without having first obtained a permit so to do." He appealed from this conviction to the county court where the case was tried de novo. The proof in the county court failed to show that the accused had handed out any handbills at all, but that instead he had appeared on the street or sidewalk and distributed two certain magazines, as one of "Jehovah's

Witnesses," sponsored by the Watchtower Bible and Tract Society, Inc., Brooklyn, N. Y., and was collecting such sums of money therefor as the recipients were willing to contribute, if anything. The only proof as to the size of these magazines or booklets was that the pages of one of them were about ten by twelve inches and those of the other about twelve by sixteen inches in dimension. Some of them were thrown down on the street or sidewalk by those to whom they were distributed, and to that extent caused the thoroughfare to become littered up and unsightly in appearance.

Upon appeal by the defendant from the county court to the circuit court, his conviction and sentence was reversed and the case dismissed on grounds not necessary to consider or discuss here for the reason that we are of the opinion that the proof fails to sustain the charge made in the affidavit. A handbill is a "Printed bill or announcement, as for distribution by hand." New Century Dictionary. Of course, books or magazines may be distributed by hand, but they are not handbills. Webster's International Dictionary defines handbill as "A loose printed sheet to be distributed by hand, as for advertising." It was held in the case of People v. McLaughlin, 33 Misc. 691, 693, 68 N. Y. S. 1108, that a handbill is a printed circular; that the two terms "circular" and "handbill" are synonymous; that the distinction between them is "precisely the distinction as exists between tweedledum and tweedledee," and which definition is adopted by Ballentine's Law Dictionary, p. 575. A magazine or booklet does not fall within this classification and proof of the distribution thereof can not sustain the charge of having distributed handbills.

The judgment of the circuit court in reversing the sentence and judgment of the county court must therefore be affirmed.

Affirmed.