# Third District Court of Appeal
## State of Florida

Opinion filed February 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1130
Lower Tribunal No. 20-25273 CC
_____

**Natalia Solange Font Pomales, et al.,**
Appellants,

vs.

**Aklipse Asset Management, Inc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

The Power Law Firm, and Bryan A. Dangler, (Winter Park); Law Office of Robert Wayne, and Shawn A. Wayne and Robert Wayne, for appellants.

No appearance for appellee.

Before LINDSEY, MILLER, and BOKOR, JJ.

LINDSEY, J.

Appellants Natalia Solange Pomales and Anthony Martinez (the "Tenants") appeal the trial court's order denying their motion for attorney's fees and costs. We reverse and remand for further proceedings consistent with this opinion.

## I.    BACKGROUND

This case arises from an eviction initiated by Appellee Aklipse Asset Management, Inc. ("Aklipse").[1] Aklipse's complaint alleged that the Tenants failed to allow access to the premises for repairs or inspections in violation of the lease agreement and Chapter 83, Florida Statutes, and further failed to vacate the premises after receiving a notice of termination. Aklipse sought attorney's fees and costs in its complaint. In their answer, the Tenants likewise requested fees pursuant to the lease agreement.

On March 16, 2021, Aklipse's counsel filed a motion to withdraw from the case, which the trial court granted. The trial court ordered Aklipse, a corporate entity, to appear through counsel within twenty days. The order further stated that "[f]ailure to comply . . . will create a presumption that [Aklipse] no longer wishes to participate in the lawsuit and the Court may sua sponte or on motion by opposing party impose sanctions against [Aklipse].

---

[1] Aklipse has not appeared through counsel on appeal and has therefore not submitted an answer brief.

2

Sanctions may include the imposition of fees and costs, striking of pleadings, entry of default and dismissal of the action."

Aklipse did not appear through counsel within twenty days. Instead, Aklipse's corporate representative sent a letter to the trial court requesting a dismissal without prejudice given its failure to obtain counsel. The Tenants filed an objection to the letter, asserting that they were prepared to go to trial and that they had incurred substantial attorney's fees defending the action. Notwithstanding their objection, the trial court entered an Order of Voluntary Dismissal based on the corporate representative's letter and dismissed the action without prejudice. In doing so, the trial court "[made] no finding or ruling herein as to the entitlement by either party to an award of reasonable . . . Attorney's Fees or Costs."

The Tenants subsequently filed a Motion for Attorney Fees and Costs, seeking fees under section 83.48, Florida Statutes (2021).[2] The trial court denied the motion because "the Court did not at any time enter a judgment on the merits in favor of the [Tenants]. . . . Indeed, pursuant to the Notice of

---

[2] The Tenants also moved for fees under section 57.105(7), Florida Statutes (2021), which makes unilateral fee agreements reciprocal. But because the provision in the lease agreement is not unilateral, that statute is inapplicable here.

Voluntary Dismissal issued by [Aklipse's] corporate representative . . . this action was dismissed without prejudice[.]"  The Tenants timely appealed.

## II.    ANALYSIS

"It is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney." Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So. 2d 247, 248 (Fla. 3d DCA 1985) (citing Nicholson Supply Co. v. First Fed. Sav. & Loan Assoc., 184 So.2d 438 (Fla. 2d DCA 1966)).  Here, Aklipse's corporate representative was not an attorney and was not authorized to represent Aklipse.  Therefore, the letter, which was never signed by an attorney, could not be treated as a notice of voluntary dismissal on Aklipse's behalf.[3]

Because the lower court's order denying the Tenants' motion for fees was explicitly based on an improperly entered voluntary dismissal, we reverse and remand without prejudice to the trial court dismissing the matter as a sanction for Aklipse's failure to comply with the order requiring Aklipse to appear through counsel, or to the Tenants seeking involuntary dismissal

---

[3] The dissent suggests, without citation to authority, that the well-established prohibition against corporate self-representation may not apply in this situation.  We do not read this prohibition so narrowly as to only apply when a corporation is prosecuting or defending an action.  Rather, as explained by this Court in Szteinbaum, the prohibition broadly applies to the practice of law. 476 So. 2d at 248.

4

pursuant to Florida Rule of Civil Procedure 1.420(b) for Aklipse's failure to comply with the trial court's order.[4]

Reversed and remanded.

BOKOR, J., concurs.

---

[4] The dissent contends we exceed the scope of our review in considering the dismissal order. However, as set forth above, the order denying the Tenants' motion for fees is necessarily based on this erroneous dismissal. See Saul v. Basse, 399 So. 2d 130, 133 (Fla. 2d DCA 1981) ("[A]n appeal from a final order calls up for review all necessary interlocutory steps leading to that final order, whether they were separately appealable or not." (citing Auto-Owners Ins. Co. v. Hillsborough Cnty. Aviation Auth., 153 So.2d 722, 724 (Fla.1963))). We also note that the notice of appeal was filed within 30 days of rendition of the dismissal order.

**<u>Natalia Solange Font Pomales, et al. v. Aklipse Asset Management, Inc.</u>**
**Case No. 3D21-1130**

MILLER, J., dissenting.

I am compelled to respectfully dissent. This is an appeal from an order denying entitlement to attorney's fees and costs, not from an order ratifying a voluntary dismissal. Yet, instead of determining whether fees and costs were denied in error, in today's decision, the majority sua sponte reverses the unappealed order of dismissal that precipitated the underlying motion for fees and costs. Because well-settled principles of judicial restraint counsel against reversing an unappealed order based upon unpreserved, unbriefed, and unargued issues, I cannot join in the majority decision.

## BACKGROUND

In this routine eviction case, appellee, the landlord, brought suit in the county court against appellants, the tenants. After some litigation, counsel for the landlord withdrew. Citing burgeoning attorney's fees, the president and co-founder of the landlord entity then requested a voluntary dismissal. The tenants filed a written objection, noting their readiness for trial and certain litigation-related expenses. They noted in their objection, however, "[tenants] cannot stop or prohibit the [landlord] from dismissing [its] case, but [tenants] will proceed immediately for requested attorneys' fees and costs."

6

The trial court ratified the dismissal by way of a written order, and the tenants timely, but unsuccessfully, moved for fees and costs. The instant appeal followed. On appeal, the tenants raise but one issue. They contend the trial court erred in denying fees and costs. The landlord has not appeared or filed an answer brief.

**ANALYSIS**

The decision by the majority to reverse the unappealed final order of dismissal based upon unpreserved, unbriefed, and unargued reasoning is contrary to three separate, but overlapping, principles of judicial restraint.

It is axiomatic that Florida's appellate courts are error-correcting courts of limited jurisdiction. Consequently, such courts are "not at liberty to address issues that were not raised by the parties," and must confine any decision to those issues raised in the briefs. Anheuser-Busch Cos., Inc. v. Staples, 125 So. 3d 309, 312 (Fla. 1st DCA 2013); see also Bainter v. League of Women Voters of Fla., 150 So. 3d 1115, 1126 (Fla. 2014) (quoting Powell v. State, 120 So. 3d 577, 591 (Fla. 1st DCA 2013)) ("'Basic principles of due process'—to say nothing of professionalism and a long appellate tradition—'suggest that courts . . . ought not consider arguments outside the scope of the briefing process.'"); Redditt v. State, 84 So. 2d 317, 320 (Fla. 1955) ("The function of an assignment of error is to point [to] the specific

7

error claimed to have been committed by the court below, in order that the reviewing court and opposing counsel may see on what point the appellant seeks reversal and to limit argument and review to such point.").

Equally well-established is the secondary proposition that an appellate court may not "depart from its dispassionate role and become an advocate by second guessing counsel and advancing for him [or her] theories and defenses which counsel either intentionally or unintentionally has chosen not to mention." Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So. 2d 958, 960 (Fla. 4th DCA 1983). "If we bend this rule, we 'undermine an important rule of judicial restraint.'" MacNeil v. Crestview Hosp. Corp., 292 So. 3d 840, 845 (Fla. 1st DCA 2020) (Jay, J., concurring) (quoting Torres v. State, 301 So. 3d 314, 316 (Fla. 5th DCA 2019)).

In line with these principles is yet a third. "In order to be preserved for further review by [an appellate] court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation . . . ." Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985). In this regard, appellate courts must zealously guard against placing "a higher value on the rendition of a volunteered . . . opinion than on the virtues of judicial restraint." State v. Barati, 150 So. 3d 810, 814

8

(Fla. 1st DCA 2014) (quoting <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 462 (1985)).

Abandonment of any one of these principles is fraught with danger, let alone all three. As was cogently explained by Justice Lawson (then Judge Lawson) in <u>T.M.H. v. D.M.T.</u>, 79 So. 3d 787 (Fla. 5th DCA 2011):

> Judicial restraint . . . refers to the principle that a court's power of judicial review should only be used where the law demands it, and never as a means of simply substituting the values or judgment of the individual judges deciding a case for the values or judgment of the elected representatives of the people. Judicial restraint serves as the essential self-imposed "check" against the judicial branch's abuse of power.'"

<u>Id.</u> at 826–27 (Lawson, J., dissenting) (citations omitted).

In contravention of these principles, the majority sua sponte reverses the order of dismissal. The basis for reversal rests upon legal reasoning that was not preserved and has neither been argued nor briefed. In explaining its decision to review the order that is not on appeal, the majority states, "[w]e also note that the notice of appeal was filed within 30 days of the rendition of the dismissal order." While this statement is technically correct because the notice of appeal was filed within 30 days of rendition of the dismissal order, nobody appealed the dismissal order. Only the order denying fees and costs was appealed.

9

Indeed, nobody is contending the order of dismissal should be reversed. Instead, the opposite is true. The landlord requested the entry of the dismissal in the lower tribunal. And, given that it has not filed an answer brief or even appeared in these proceedings, that position remains unchanged of record. Similarly, the tenants asserted below they were powerless to prevent entry of the order, and, in these proceedings, they are relying upon the dismissal order to justify entitlement to fees and costs.

The majority further states, "an appeal from a final order calls up for review all necessary interlocutory steps leading to that final order." Saul v. Basse, 399 So. 2d 130, 133 (Fla. 2d DCA 1981). While it is true that we may review all decisions that shaped the contours of an appealed judgment, reliance upon this adage in this context is misplaced. The order of dismissal was not an interlocutory order, but rather a final order, subject to separate appeal. And nobody has appealed that order. The "interlocutory steps" leading to this appeal consist only of those rulings made between the time the final order of dismissal was rendered and the fees and costs were denied. Hence, the appeal of the order denying entitlement does not serve to revive any error relating to the dismissal order. See Fla. R. App. P. 9.110(h) ("[Appellate] court[s] may review any ruling or matter occurring before filing of the notice [of appeal]."); Philip J. Padovano, Florida Appellate Practice §

10

1:7 (2021 ed.) ("The phrase 'any ruling or matter' in Rule 9.110(h) refers to a prior interlocutory order entered in the course of the litigation relating to the final order under review. It does not include a prior final order or an interlocutory order that is unrelated to the final order.").

The practical effects flowing from the majority decision warrant examination. Nullifying the dismissal order reopens the underlying case, effectively re-subjecting both parties to previously abandoned litigation and liability, while, at the same time, requiring the needless expenditure of further judicial resources. Further, in the broader context, the decision suggests that litigants need not preserve arguments or seek review in order to obtain appellate relief.

Finally, whether the voluntary dismissal is, as the majority has decided, a nullity, is not entirely clear. Although there are a myriad of reported decisions espousing the proposition that a corporation must prosecute or defend an action through counsel, there is no clear precedent supporting the proposition that a corporation may only exit litigation or abandon the prosecution of a case through counsel. See Aktan v. Gotham Collection Servs. Corp., 305 So. 3d 632, 633 (Fla. 3d DCA 2020); Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So. 2d 247, 248 (Fla. 3d DCA 1985); Nicholson Supply Co. v. First Fed. Sav. & Loan Ass'n of Hardee Cnty., 184

11

So. 2d 438, 440 (Fla. 2d DCA 1966).  Thus, deciding this issue without the benefit of argument or briefing creates an amplified risk of error.

Concluding therefore that the majority has overlooked several well-established axioms restricting the scope of our review and extolling judicial restraint, I respectfully dissent.